### Diana Lee DUNTEN

v.

### Jane KIBLER, Individually and in her official capacity as Director, Central DeKalb Mental Health Center; and Maureen Reid, Individually and in her official capacity as Coordinator, Central DeKalb Mental Health Center.

### Civ. A. No. C78–636A.

United States District Court,
N. D. Georgia,
Atlanta Division.

July 24, 1981.

J. Hue Henry, Athens, Ga., Scott McLarty, Decatur, Ga., for plaintiff.

George P. Dillard and Gail C. Flake, Decatur, Ga., for defendants.

## ORDER

NEWELL EDENFIELD, District Judge.

This civil rights action alleging a violation of plaintiff's first amendment rights is before the court on plaintiff's motion for award of attorney's fees and expenses pursuant to 42 U.S.C. § 1988.

Plaintiff was employed as a psychologist by the Central DeKalb Mental Health Center and had attained permanent status there after completing a six-month test period. Pursuant to state personnel rules and regulations, plaintiff was subject to a discretionary review and rating by her supervisors as to the quality and quantity of work performance. In November 1977, defendants assumed supervisory responsibility over the plaintiff.

Prior to February 9, 1978, plaintiff provided information about diagnostic and therapeutic practices employed at Central DeKalb Mental Health Center to a newspaper reporter. Subsequently, an article was published which contained critical evaluations of the operations of the center. On February 28, 1978, defendants prepared and approved a "Report of Performance" on the plaintiff, which report was highly critical of her job performance over the preceding three months and rated her "unsatisfactory" on all but one rating factor. The report contained no reference to the newspaper article. Approximately eight months earlier plaintiff had received a performance report from the center in which her overall rating was "very good."

On March 13, 1978 plaintiff filed a statement of grievance to the February "Report of Performance" and requested that it not be placed in her personnel file. She was informed on April 4, 1978 that an official grievance procedure had not been instituted. Plaintiff filed suit pursuant to 42 U.S.C. § 1983 on April 11, 1978, alleging violations of her rights to free speech, free association, and procedural due process under the United States Constitution.

On March 30, 1979 the court granted defendants' motion for summary judgment on plaintiff's due process claim. The case proceeded to trial on plaintiff's first amendment claim. On October 21, 1980, a jury returned a verdict for plaintiff against two of the defendants for nominal damages of one dollar, and an advisory verdict as to attorney's fees in the amount of $3,000.

In her motion for attorney's fees, plaintiff seeks $13,082.50 in attorney's fees and $2,053.65 for "other expenses of litigation," for a total award of $15,136.15. Accompanying the affidavits of plaintiff's attorneys

are an "itemization" listed as "Exhibit 'A'" to attorney Henry's affidavit, and a list entitled "Services Rendered" attached to attorney McLarty's affidavit, which purport to set out the various components of the attorney's fees claims.[1]

■ While the court finds these listings to be so general and vague as to border on the inadequate, the court will endeavor to come to an equitable decision in light of the factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).

### 1. *The Time and Labor Required.*

There are several objections by defendant Kibler to plaintiff's motion which fall under this rubric.

The first problem to be addressed is what to do on this motion with respect to plaintiff's unsuccessful claims. The Fifth Circuit has stated that:

> Time spent pursuing unsuccessful claims that were clearly without merit should be excluded. However, the mere fact that the litigants did not succeed in obtaining a judgment on all of the claims asserted does not mean that time spent pursuing these claims should automatically be disallowed. . . . Instead the court must consider the relationship of the claims that resulted in judgment with the claims that were rejected and the contribution, if any, made to success by the investigation and prosecution of the entire case.

*Jones v. Diamond*, 636 F.2d 1364, 1382 (5th Cir. 1981) (en banc) (citations omitted); *Familias Unidas v. Briscoe*, 619 F.2d 391, 406 (5th Cir. 1980). The court has held also that "to the extent preparation for successful and unsuccessful claims overlapped, fees should be awarded for this work." *Familias Unidas, supra*, 619 F.2d at 406; *Hardy v. Porter*, 613 F.2d 112, 114 (5th Cir. 1980).

There were two unsuccessful claims involved in this action—plaintiff's due process claim under the fourteenth amendment and plaintiff's first amendment claim against defendant Bohan.

■ The court holds that the due process claim, upon which the court granted defendants' motion for summary judgment was sufficiently "without merit" to justify the court denying any attorneys' fees for work related to that claim. Furthermore, the court has considered the possibility of "overlap" between the due process claim and plaintiff's successful first amendment claim, and finds that there was no overlap in pressing these two claims sufficient to merit awarding any fees on the due process claim under the logic of *Familias Unidas* and *Hardy.*

■ The court also holds that fees attributable to the first amendment claim against defendant Bohan are disallowed. While this claim did reach the trial stage, the court considers the nominal amount of damages obtained against defendants Kibler and Reid a sufficient indication that the claim against Bohan was, indeed, meritless. *See Johnson v. Georgia Highway Express, Inc., supra*, 488 F.2d at 718 ("The amount involved and the results obtained" is a factor for the court's consideration).

■ The problem is in determining which items set out by the attorneys are attributable to the unsuccessful claims. Many of the items listed are very vague, and some could possibly contain elements related to both the unsuccessful and successful claims. However, the burden of proof is on plaintiff on this motion, *id.* at 720, and since the vagueness and lack of specificity in the listings is due totally to plaintiff's counsel's failure to be more precise, the court will give defendants the benefit of the doubt on the problematic items.

There are several items that undoubtedly relate to the unsuccessful claims, and which are hereby disallowed. These items are: "Appearance and preparation for grievance hearing including witness interviews conducted at Scott McLarty's office in Atlanta (includes one-half of travel time) . . . 24.50 [hours]"; "File review, miscellaneous tele-

1. *See* Appendix 1.

phonic conferences with client, and research of Merit System rules ... 1.95 [hours]"; "Research Bohan's motion to dismiss ... 2.75 [hours]"; "Motion to expand time in which to answer Bohan's motion for summary judgment and telephonic conferences with client ... 1.00 [hour]"; "Research and preparation of response to defendant Bohan's motion for summary judgment including file review ... 3.75 [hours]"; listed for Mr. Henry. "Appearance and preparation for grievance hearing including witness interviews ... 18 [hours]"; "Research Bohan's motion to dismiss ... 1.75 [hours]"; listed for Mr. McLarty.

As for the remaining items, the court was in a quandary as to how to deal with them. However, a very recent decision by the Fifth Circuit has cleared the way for the court to proceed in an equitable fashion. In *Clanton v. Orleans Parish School Board*, 649 F.2d 1084 (5th Cir. 1981) (slip opinion), the court approved a district court's computation of a fee award under the *Johnson* factors in which the trial court deducted 20 percent of the time claimed by plaintiffs' attorneys for each year on the case "in recognition of the fact that some of the plaintiffs were not prevailing parties and that some of the relief sought was not obtained." *Id.*, at 1102. While this method is bound to contain some degree of inaccuracy, the court feels this is a reasonable way to proceed here.

There are several items listed which clearly contain elements of both the successful and unsuccessful claims. These will be dealt with first.

Defendant's response to this motion urges that time spent on "taking of depositions related solely to the administrative hearing procedures (*e. g.*, Stacey, Chapman and Kavenagh depositions) is not recoverable and should be disallowed by the Court." After a careful reading of these three depositions, the court agrees. Again, however, the manner in which plaintiff's counsel have listed their time for deposition work makes it difficult for the court to ascertain the correct amount of time to allocate for these depositions.

Mr. Henry's itemization contains these two entries: "Taking depositions—Kibler, Reid, Yates, etc. ... 13 [hours]"; "Preparation for and taking of depositions of Stacey, Bagshaw and Kavenagh ... 10.-50 [hours]." An examination of the record shows that Mr. Henry was not present at the Chapman deposition. That deposition is, therefore, relevant only to Mr. McLarty's time and is not included, presumably, in the first entry listed above. A careful reading of the Bagshaw deposition indicates to the court that at least some portion of it was relevant to the successful claim. The court finds that, looking at the three depositions in the second entry together, the Bagshaw deposition represents 20 percent of the total work involved in them.[2] Consequently, the court holds that only 2.1 hours of the 10.5 hours claimed can possibly be assessed against defendants. The court hereby disallows 8.4 of the hours claimed for this entry. This total is subject to further reduction by this order in light of further findings listed below.

Mr. McLarty's time sheet contains these two entries:

```
"Taking depositions (Reid, Kibler, etc.) . . 10.00 [hours]"

"Preparation for and taking of deposi-
 tions of Stacey, Bagshaw and
 Kavenagh . . . . . . . . . . . . . . . . . 18.00 [hours]"
```

The first entry, by process of elimination, must contain time on the Chapman deposition. As the court has ruled that defendant does not have to pay for work done on that

---

**2.** Both the Stacey and Kavenagh depositions, for example, contain approximately twice as many pages of transcript as the Bagshaw deposition.

deposition, the time claimed in this entry must be reduced accordingly. The court finds that the Chapman deposition, which is relatively short, represents 2 hours of work. *See Johnson, supra,* 488 F.2d at 717 ("The trial judge should weigh hours claimed against his own knowledge, experience, and expertise of the time required to complete similar activities"). Therefore, the first entry is hereby reduced to 8 hours, subject to further findings below.

■ The second entry is disallowed completely. The court has ruled plaintiff cannot be awarded fees for work done on the Stacey and Kavenagh depositions. While plaintiff is entitled to some amount for the Bagshaw deposition, an examination of the record shows that Mr. Henry conducted the vast majority of the questioning at that deposition. Although Mr. McLarty was present, the court finds that his presence was not necessary to conducting the deposition. Again *Johnson* is instructive: "If more than one attorney is involved, the possibility of duplication of effort along with the proper utilization of time should be scrutinized. The time of two or three lawyers in a courtroom or conference when one would do, may obviously be discounted." *Id. See also Taylor v. Sterrett,* 640 F.2d 663, 670 (5th Cir. 1981) ("time spent by more than one attorney where only one is needed may be discounted").

There are two other entries which contain elements specifically pertaining to unsuccessful claims. Mr. Henry's final entry reads: "Miscellaneous post-trial matters including telephonic conferences with opposing counsel and preparation of motion for attorney's fees and permanent injunction ... 4.50 [hours]." The court denied plaintiff's motion for a permanent injunction in an order dated March 12, 1981. Hence, this too falls into the category of an unsuccessful action by plaintiff, and must be discounted. The court hereby reduces the number of hours for this listing by 1.5 hours, leaving a total of 3 hours, subject to further findings below.

Mr. McLarty lists the following entry: "File review, miscellaneous telephonic conferences with client, and research of Merit System rules; trial preparation ... 10.15 [hours]." As the court has ruled that work done pursuant to the due process claim cannot be taxed to defendant, time charged for "research of Merit System rules" must be, and is hereby, discounted. The court disallows 3 hours of the 10.15 hours claimed for this entry, leaving a total of 7.15 hours subject to further findings below.

The remainder of the items listed are not sufficiently labeled for the court to be able to tell what work went towards the successful claims, and what work went toward the unsuccessful claims. The court, in its discretion, and following the logical and approved method set out in *Clanton v. Orleans Parish School Board, supra,* hereby disallows 50 percent of the remaining time claimed by plaintiff's attorneys. This 50 percent represents the court's reasonable estimate of the amount of time spent pursuing the unsuccessful claims.[3] This reduction is applicable to time listed for trial preparation and trial appearance, because, as noted earlier, plaintiff was unsuccessful at trial in her claim against one of the three defendants. The court feels further justified in reducing the number of hours allowed for trial appearance because, in the experience of the court, the type of case presented by plaintiff should not have taken as long as it did here.

Defendants also object to plaintiff's motion on the ground that plaintiff is seeking compensation for a substantial amount of time allegedly representing duplication of effort by Mr. Henry and Mr. McLarty. Many of the entries to which defendants object were dealt with above. The court can find only one other specific set of entries that can be reduced here.

Mr. Henry claims 13 hours for "Taking depositions—Kibler, Reid, Yates, etc." Mr. McLarty claims 10 hours (reduced above to 8 hours) for "Taking depositions (Reid, Kib-

---

**3.** As shown below, this percentage also encompasses several "*Johnson* factors." The final

entry for Mr. Henry regarding post-trial work is not covered by this reduction.

ler, etc.)". Reducing both of these claims by 50 percent leaves 6.5 hours for Mr. Henry and 4 hours for Mr. McLarty. An examination of the records of the depositions of defendants Reid and Kibler shows that, while both attorneys were present, Mr. Henry conducted all of the questioning at the Kibler deposition, and virtually all of the questioning at the Reid deposition. The court finds that any time claimed for these depositions by Mr. McLarty was clearly duplicative, and is hereby disallowed. Because the record shows that Mr. McLarty did conduct the relatively brief depositions of several witnesses (Bailey, Petzelt and Castellano), the court will only disallow 1.5 hours from McLarty's claim on this entry, leaving a total of 2.5 hours for him on this entry.

While there is undoubtedly more duplication involved in the entries, the general nature of the headings does not allow the court to delineate which entries involve such duplication. However, the court did take this factor into account in its 50 percent across-the-board disallowance of the time claimed.

The final issue dealt with in *Johnson* under this topic is the distinction between legal and "other" types of work. The Fifth Circuit has stated:

It is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers but which a lawyer may do because he has no other help available. Such non-legal work may command a lesser rate. Its dollar value is not enhanced just because a lawyer does it.

488 F.2d at 717.

■■ Plaintiff's attorneys have claimed a $50 per hour fee for their services on all items listed. Defendant does not contest the rate, but rather the number of hours charged at that rate. Furthermore, the court finds the $50 per hour rate to be a reasonable fee for a case such as this one conducted by attorneys with the experience of Messrs. Henry and McLarty. However, there are several items listed that fall clearly under the *Johnson* distinction. The court, while allowing recovery on these items, hereby reduces the rate at which they are to be billed to defendants to $25 per hour, which the court finds to be a reasonable fee for such services.[4] The items to be so charged are:

```
Obtaining/reviewing documents
 and miscellaneous investigation . . . 1.75 [hours]

Preparation for depositions,
 including notices, etc. . . . . . . . 1.85 [hours]

Travel . . . . . . . . . . . . . . . . . 6.00 [hours]

Travel time . . . . . . . . . . . . . . . 4.00 [hours][5/]

Miscellaneous correspondence
 and administrative work . . . . . . . .75 [hours]
```

4. *See Corpus v. Estelle*, 605 F.2d 175, 180 n.10 (5th Cir. 1979), *cert. denied*, 445 U.S. 919, 100 S.Ct. 1284, 63 L.Ed.2d 605 (1980), *and Miller v. Carson*, 563 F.2d 741, 756 (5th Cir. 1977), both approving district court's assessment of fees at different rates for "in-court time" and "out-of-court time." *See also Preston v. Mandeville*, 451 F.Supp. 617, 620–21 (S.D.Ala.1978) ("[T]he Court gives greater emphasis to the manner in which such time was spent . . . than to the mere computation of total time spent. . . . [T]he appropriate standard in this case calls for a differentiation of rates based upon the type and amount of labor performed").

5. Defendant challenges plaintiff's attorney billing for travel time between Athens and Atlanta. The court is granting these fees because plaintiff should not be penalized for retaining out-of-town counsel. The Sixth Circuit has held that "[r]easonable . . . travel . . . costs are . . . recoverable pursuant to the statutory authority of § 1988." *Northcross v. Board of Education of Memphis City Schools*, 611 F.2d 624, 639 (6th Cir. 1979), *cert. denied* 447 U.S. 911, 100 S.Ct. 2999, 68 L.Ed.2d 862 (1980). The court finds the hours claimed to be reasonable given the length of time spent on this action.

```
Preparation of subpoenas, four
 calls to Clerk's office relative
 to scheduling, telephonic con-
 ference with client, telephonic
 conference with personnel from
 Ga. Mental Health Institute . . . . . 1.25 [hours]

Listed for Mr. Henry.

 Obtaining/reviewing documents and
 miscellaneous investigation . . . . . . 5.00 [hours]

 Preparation for deposition
 including notice, etc. . . . . . . . . 1.50 [hours]

 Miscellaneous correspondence
 and administrative work . . . . . . . . .75 [hours]

Listed for Mr. McLarty.
```

These hours are also, of course, subject to the 50 percent across-the-board reduction.

Finally, both attorneys list 4.25 hours for "Attorney conferences." Because other entries are listed as, *e. g.*, "telephonic conferences with opposing counsel", the court assumes these two entries concern co-counsel conferences. The court finds that this also entails some duplication of effort and, therefore, these 8.5 hours will be billed at the $25 per hour rate as well. *Preston v. Mandeville, supra* n.4, 451 F.Supp. at 623 (co-counsel conferences compensated at lower rate than "in-court" and "out-of-court" work). Again, the 50 percent reduction will apply to these items.

### 2. The Novelty and Difficulty of the Questions.

This was not a case of first impression. The first amendment rights of public employees have often been a subject of litigation in the courts. Thus, the court finds that this case was not a "novel" one.

Furthermore, the question involved—did defendants violate plaintiff's first amendment rights under 42 U.S.C. § 1983?—while hotly contended by both sides, was hardly a "difficult" one.

Therefore, the court holds that this factor does not justify enhancing plaintiff's attorney's fee award in this case.

### 3. The Skill Requisite to Perform the Legal Service Properly.

The attorney's work product, preparation, and general ability before the court are to be taken into account under this heading. *Johnson, supra*, 488 F.2d at 718. On this note the court points out that on at least two occasions in earlier orders in this action, the court has criticized plaintiff's attorneys for their submissions to the court.

In the court's order of March 30, 1979, p.1 n.1, the court noted that plaintiff's motion to strike was "based upon a misreading of the time for filing such motions under Local Rule 92," and was denied as being "patently frivolous."

Plaintiff's response to defendant Bohan's motion to dismiss was criticized by the court in its order of June 10, 1980, p.2 n.1, as being "extremely abbreviated, considering the potentially grave consequences to her if it is granted."

Thus, as these examples show, plaintiff's attorneys' work on this case, while adequate, was hardly of the caliber which would justify an award of fees in the amount for which she is asking. This fact was taken into account in the 50 percent reduction of fees set out above.

### 4. The Preclusion of Other Employment by the Attorney Due to Acceptance of the Case.

Plaintiff's chief attorney, Mr. Henry, states in his affidavit that he has not been precluded from other employment by reason of his acceptance of this case. Therefore, this factor is not relevant to the attorney's fee award set out in this order.

### 5. The Customary Fee.

As stated above, the $50 per hour rate asked for by plaintiff was not disputed by defendant. This rate is commensurate with the rate customarily charged for a case of this type in this district, and is, therefore, approved by this court. This is, of course, subject to the court's finding that the "out-of-court" and administrative type work done by plaintiff's attorneys is to be billed at a $25 per hour rate that is customary for that kind of work.

### 6. Whether the Fee is Fixed or Contingent.

The fee in this action is fixed. The attorneys expected compensation at $50 an hour, and that is what the court has granted for all purely legal work.

### 7. Time Limitations Imposed by the Client or Circumstances.

Plaintiff's attorney states in his affidavit that "[d]uring various stages of this litigation, time limits have been imposed such that I have often had to assign priority to preparation of some matter in this case."

The court does not find this a persuasive reason for justifying the large fees plaintiff is seeking here. Time limits are inherent in any litigation, and an attorney should devote his/her time to meeting such deadlines. This case, as defendant points out, was before this court for over two years with long periods of inactivity involved. As plaintiff's counsel has stated that he was not precluded from working on matters for other clients because of this action, the court finds that this factor is irrelevant to this

motion, and no premium is to be awarded to plaintiff on this basis.

### 8. The Amount Involved and the Results Obtained.

■ Defendants state in their answer that "[i]t is difficult to characterize Plaintiff as the prevailing party in this suit, where the jury awarded only nominal damages in the amount of $1.00." This statement is not in accord with the law of this circuit. In *Watkins v. Mobile Housing Board*, 632 F.2d 565, 567 (5th Cir. 1980), the court stated: "The test of whether one is a prevailing party is whether he or she has received substantially the relief requested *or has been successful on the central issue.*" (Emphasis supplied.) *See also Coen v. Harrison County School Board*, 638 F.2d 24, 26 (5th Cir. 1981) ("In the context of § 1988 there is no such thing as a 'technically prevailing plaintiff'; the issue of who has prevailed is a realistic judgment, not a technical one"), and *Iranian Students Association v. Edwards*, 604 F.2d 352, 353. The plaintiff in this action was successful on the "central issue"—she proved to a jury that two of the defendants had infringed upon her first amendment rights in violation of 42 U.S.C. § 1983.

■ The court will not deny plaintiff's motion for attorney's fees simply because she was only awarded nominal damages. "Even where the victory is only the vindication of the correctness of the plaintiff's position and, therefore, may be characterized as moral vindication, counsel's fees may be awarded." *Knighton v. Watkins*, 616 F.2d 795, 799 (5th Cir. 1980). *See also McNamara v. Moody*, 606 F.2d 621, 626 (5th Cir. 1979), *cert. denied*, 447 U.S. 929, 100 S.Ct. 3028, 68 L.Ed.2d 1124 (1980) ("such an award [of nominal damages] may be the basis of an attorney's fee award under § 1988"), *and Rheuark v. Shaw*, 477 F.Supp. 897, 919 (N.D.Tex.1979), *aff'd in part, rev'd in part on other grounds*, 628 F.2d 297 (5th Cir. 1980), *cert. denied*, 450 U.S. 931, 101 S.Ct. 1392, 67 L.Ed.2d 364 (1981).[6]

**6.** In *Perez v. University of Puerto Rico*, 600 F.2d 1, 2 (1st Cir. 1979), the court stated that

"[f]ees *may not be denied* simply because only nominal damages are awarded." (Emphasis

However, the court did take into account the amount involved and the results obtained, as *Johnson* instructs, in making its 50 percent across-the-board reduction.

### 9. *The Experience, Reputation, and Ability of the Attorneys.*

The court finds that the experience, reputation and ability of plaintiff's attorneys amply justify the $50 per hour rate which the court has allowed to be billed to defendants. Mr. Henry, plaintiff's lead attorney, has had fairly extensive experience and success in litigating various civil rights cases.

However, as defendant points out, this court has stated that "[t]he acknowledged experience of counsel . . . is a two-edged sword . . . ." *In re Armored Car Antitrust Litigation*, 472 F.Supp. 1357, 1386 (N.D.Ga. 1979). Broad experience in a particular type of litigation can render many pretrial matters routine, *id.*, and hence these matters should not be billable at the attorney's top rate. Consequently, this is a further justification for the court's setting a $25 per hour rate above for several of the items listed.

### 10. *The "Undesirability" of the Case.*

Plaintiff's attorney states in his affidavit that his representation of plaintiff in this case "has not been undesirable." Therefore, this factor is irrelevant to the court's determination.

### 11. *The Nature and Length of the Professional Relationship with the Client.*

Plaintiff's attorney notes that he has maintained a professional relationship with plaintiff since he began representing her in this matter in 1978. The length of this relationship—approximately three years—

does not appear to have any special bearing on plaintiff's fee request. The number of hours plaintiff's attorneys purport to have put in on this case during that time are set out in their affidavits. This request has been adjusted downward in light of the factors discussed above.

Neither plaintiff nor her attorneys claim to have any special relationship which would justify any adjustment of the award due to this factor. Therefore "the nature" of their relationship is irrelevant for the purposes of this order.

### 12. *Awards in Similar Cases.*

An award in an individual case depends on many factors, as has been demonstrated in this order. Much depends, of course, on the number of hours billed. Since defendant does not contest the hourly rate and the court has found that the rates to be charged are "customary" for this district, the court is satisfied that the award in this case is commensurate with awards made in similar cases.

Finally, there is the issue of the expenses asked for by plaintiff. Plaintiff's attorney states that he incurred $2,053.65 in expenses "for deposition, subpoena fees, and filing fees."

As pointed out by the court in *Loewen v. Turnipseed*, 505 F.Supp. 512, 517 (N.D.Miss. 1980), "[t]here is little authority on this subject; neither § 1988 nor its legislative history state that out-of-pocket expenses are to be included in an award." The court agrees with the *Loewen* court that "there must be some point at which a party, even a prevailing party under § 1988, must absorb at least some of his own costs." *Id.* This is especially appropriate in a case such as this in which the plaintiff's fee award has been discounted due to lack of success on several

---

supplied.) The Fifth Circuit in *Harkless v. Sweeny Independent School District*, 608 F.2d 594, 598 (5th Cir. 1979), stated that "[w]hile we do not necessarily adopt [*Perez*], we agree with [its] rationale insofar as [it] implicitly reject[s] the premise that the recovery of attorney's fees is limited to the amount of the plaintiffs' pecuniary recovery." While this implies

that a court might have the discretion to deny attorneys' fees in cases in which the plaintiff receives only nominal damages, the court feels that the holdings cited in the text coupled with the importance of the right vindicated in this case, justify the awarding of some fees under section 1988.

of her claims. The question is what type of expenses should the plaintiff be allowed to recover.

 In *Loewen*, the court stated that "an award of out-of-pocket expenses should be limited to those expenses which an attorney would normally, customarily, and routinely bill to a fee-paying client." *Id.* The court finds this to be an acceptable yardstick by which to measure an award for expenses where the plaintiff has either not filed a motion pursuant to 28 U.S.C. § 1920 and Rule 54(d), Fed.R.Civ.P., or has not included all of the costs being sought in such a motion.

Using this standard, the court finds that expenses sought by plaintiff "for depositions, subpoena fees and filing fees" are recoverable here. *Loewen, supra,* 505 F.Supp. at 518 (allowing recovery for deposition expenses); *see also Evans v. Tennessee Dept. of Corrections,* 514 F.2d 283, 284

(6th Cir. 1975) ("A party who has paid a filing fee and fees for service of process in a civil case may include these items in his bill of costs" under 28 U.S.C. § 1920). The problem is, again, that plaintiff's attorneys have been remiss in documenting this expenses request. Again the court will give defendant the benefit of the doubt. The court finds that, as defendant points out, much of the discovery in this action was done pursuant to the unsuccessful due process claim and the unsuccessful first amendment claim against defendant Bohan. Consequently, the court hereby also disallows 50 percent of the expenses claimed by plaintiff, leaving a total award of $1,026.83.

Assessment of attorney's fees to defendants is hereby ordered pursuant to the following table, which incorporates all of the factors, calculations and reductions discussed above:

| Mr. Henry | Hours |
|---|---|
| –at $50.00 per hour | |
| Client conferences | 1.875 |
| Research/drafting pleadings/ review of defense pleadings | 3.175 |
| Taking depositions – Kibler, Reid, Yates, etc. | 6.5 |
| Legal research and analysis including preparation of response to motion to dismiss | 5.25 |
| Preparation for and taking of deposition of Bagshaw | 1.05 |
| Miscellaneous attorney and client conferences | 1.5 |
| Preparation of pretrial order and attending pre-trial conference | 2.375 |
| Miscellaneous telephonic conferences relative to scheduling/long letter to Judge Edenfield | .425 |

| | |
|---|---|
| File review and trial preparation | 1.125 |
| File review and telephonic conference with Dolores Brooks | .375 |
| Telephonic conference with client and miscellaneous telephonic conferences with opposing counsel | .375 |
| Client conference and telephonic conferences with miscellaneous trial witnesses | 1.00 |
| Calendar call and miscellaneous witness interviews | 2.25 |
| Miscellaneous telephonic conferences with opposing counsel and court officials | 1.00 |
| General trial preparation | 4.00 |
| Trial appearance | 26.5 |
| Miscellaneous post-trial matters including telephonic conferences with opposing counsel and preparation of motion for attorney's fees (not reduced by 50%) | 3.00 |
| | 61.775 |

-at $25.00 per hour

| | |
|---|---|
| Attorney conferences | 2.125 |
| Obtaining/reviewing documents and miscellaneous investigation | .875 |
| Preparation for depositions, including notices, etc. | .925 |
| Travel | 5.00 |
| Miscellaneous correspondence and administrative work | .375 |
| Preparation of subpoenas, four calls to Clerk's Office | |

relative to scheduling, tele-
phonic conference with client,
telephonic conference with per-
sonnel from Ga. Mental Health
Institute .625
 9.925

TOTAL Mr. Henry

 61.775 hours at $50.00 per hour = $3,088.75

 9.925 hours at $25.00 per hour = 248.13
 $3,336.88

| Mr. McLarty | Hours |
|---|---|
| -at $50.00 per hour | |
| Client conferences | 4.00 |
| Research/drafting pleadings/ review of defense pleadings | 1.00 |
| Taking depositions | 2.50 |
| File review, miscellaneous telephonic conferences with client, and trial preparation | 3.575 |
| | 11.075 |
| -at $25.00 per hour | |
| Attorney conferences | 2.125 |
| Obtaining/reviewing documents and miscellaneous investigation | 2.5 |
| Preparation for deposition, including notice, etc. | .75 |

Miscellaneous correspondence
and administrative work .375

 5.75

TOTAL Mr. McLarty

 11.075 hours at $50.00 per hour = $553.75

 5.75 hours at $25.00 per hour = 143.75

 $697.50

 Total attorney's fees $4,034.38

 Expenses 1,026.83

 TOTAL AWARD $5,061.21

The final issue to be dealt with here is raised by defendant Kibler, who requests that the award of attorney's fees be broken down as between her and defendant Reid. Defendant Reid did not appear at trial, nor did she file an answer to the motion that is the subject of this order. However, since the jury found both defendants to be liable, defendant Kibler should not have to bear the entire burden of the fee award set out in the order. Therefore, the court holds that the fee awarded assessed against defendants Reid and Kibler be divided equally between the two of them.

In sum, the court GRANTS plaintiff's motion for attorney's fees and expenses in the amount of $5,061.21, and ORDERS each defendant to pay to plaintiff one-half of same.

APPENDIX 1

PLAINTIFF'S ITEMIZATION OF SERVICES

RENDERED BY MR. HENRY

| | Hours |
|---|---|
| Client conferences | 3.75 |
| Attorney conferences | 4.25 |
| Obtaining/reviewing documents and miscellaneous investigation | 1.75 |
| Research/drafting pleadings/review of defense pleadings | 6.35 |
| Preparation for depositions, including notices, etc. | 1.85 |
| Taking depositions - Kibler, Reid, Yates, etc. | 13.00 |
| Travel | 6.00 |

Appearance and preparation for grievance hearing
 including witness interviews conducted at Scott

▮▮▮▮▮

| | Hours |
|---|---|
| McLarty's office in Atlanta (includes one-half of travel time) | 24.50 |
| Legal research and analysis including preparation of response to motion to dismiss | 10.50 |
| Preparation for and taking of depositions of Stacey, Bagshaw and Kavenagh | 10.50 |
| Travel time | 4.00 |
| Miscellaneous attorney and client conferences | 3.00 |
| Miscellaneous correspondence and administrative work | .75 |
| Preparation of pre-trial order and attending pre-trial conference | 4.75 |
| Miscellaneous telephonic conferences relative to scheduling/long letter to Judge Edenfield | .85 |
| File review, miscellaneous telephonic conferences with client, and research of Merit System rules | 1.95 |
| Research Bohan's motion to dismiss | 2.75 |
| Motion to expand time in which to answer Bohan's motion for summary judgment and telephonic conferences with client | 1.00 |
| Research and preparation of response to defendant Bohan's motion for summary judgment including file review | 3.75 |
| File review and trial preparation | 2.25 |
| Preparation of subpoenas, four calls to Clerk's office relative to scheduling, telephonic conference with client, telephonic conference with personnel from Ga. Mental Health Institute | 1.25 |
| File review and telephonic conference with Dolores Brooks | .75 |
| Telephonic conference with client and miscellaneous telephonic conferences with opposing counsel | .75 |
| Client conference and telephonic conferences with miscellaneous trial witnesses | 2.00 |
| Calendar call and miscellaneous witness interviews | 4.50 |
| Miscellaneous telephonic conferences with opposing counsel and court officials | 2.00 |
| General trial preparation | 8.00 |
| Trial appearance | 53.00 |

Hours

Miscellaneous post-trial matters including telephonic
 conferences with opposing counsel and preparation
 of motion for attorneys fees and permanent injunc-
 tion 4.50

 184.25

### PLAINTIFF'S ITEMIZATION OF SERVICES

#### RENDERED BY MR. McLARTY

| Activity | Hours |
|---|---|
| Client conferences | 8.00 |
| Attorney conferences | 4.25 |
| Obtaining/reviewing documents and miscellaneous investigation | 5.00 |
| Research/drafting pleadings/review of defense pleadings | 2.00 |
| Preparation for deposition including notice, etc. | 1.50 |
| Taking depositions (Reid, Kibler, etc.) | 10.00 |
| Appearance and preparation for grievance hearing including witness interviews | 18.00 |
| Preparation for and taking of depositions of Stacey, Bagshaw and Kavenagh | 18.00 |
| Miscellaneous correspondence and administrative work | .75 |
| File review, miscellaneous telephonic conferences with client, and research of Merit System rules; trial preparation | 10.15 |
| Research Bohan's motion to dismiss | 1.75 |