**Brenda BENNETT, Petitioner,**

v.

**DEPARTMENT OF the NAVY, Respondent.**

**Appeal No. 16–82.**

United States Court of Appeals, Federal Circuit.

Feb. 4, 1983.

Peter B. Broida, Washington, D.C., argued for petitioner. With him on the briefs was Passman & Broida, Washington, D.C.

Sara V. Greenberg, Washington, D.C., argued for respondent. With her on the brief were Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., David M. Cohen, New York City, Sandra P. Spooner, Washington, D.C., and Eunice W. Andrews.

Before RICH, KASHIWA and BENNETT, Circuit Judges.

BENNETT, Circuit Judge.

Petitioner appeals from a decision of the Merit Systems Protection Board (MSPB). *See* 5 U.S.C. §§ 7701, 7703 (Supp.V 1981), *amended by* the Federal Courts Improvement Act of 1982, Pub.L. No. 97–164, tit. I, § 144, 96 Stat. 25, 38, 45. The issue on appeal is the proper scope of the attorney fee provision of 5 U.S.C. § 7701(g)(1). In the proceeding below, the MSPB held, in effect, that the concept of attorney fees encompassed the attorney's hourly rate plus his out-of-pocket expenses for toll telephone charges, photocopying, postage, and local transportation, but did not cover amounts expended for deposition costs and witness fees. We *affirm*.

The essential facts are not in dispute. The money claimed is not great but the issues are of first impression under the Civil Service Reform Act of 1978, Pub.L. No. 95–454, 92 Stat. 1111. On March 8, 1981, the Naval Surface Weapons Center, Department of the Navy, denied petitioner a within-grade increase, and on March 22, 1981, she was removed from her position as a Navy Contracts Negotiator for unsatis-

factory work performance. Petitioner timely appealed to the MSPB. After a hearing, the Washington Regional Office of the MSPB reversed the discharge. The appeal of the within-grade increase issue was dismissed for lack of jurisdiction, since the Navy had cancelled its denial of the increase before the final opinion of the MSPB was issued. *See* Decision No. DC531D8110482 (July 29, 1981). A petition for review was denied on March 5, 1982. Petitioner was, therefore, retroactively restored to her position with the within-grade increase and back pay. After the MSPB's decision became final, petitioner's counsel filed a petition for attorney fees pursuant to 5 U.S.C. § 7701(g)(1).[1] This section authorizes the MSPB to award attorney fees, to be paid by an agency, when (1) the fees have been incurred, (2) the employee was the prevailing party, (3) the award is warranted in the interest of justice, and (4) the fees are reasonable. Finding that these statutory requirements were met for the discharge appeal, the MSPB awarded petitioner $7,103.20, which consisted of $6,987.50 for counsel's time (107.5 hours at $65 per hour), and $115.70 for counsel's expenses for telephone toll charges, photocopying, postage, and local transportation. The MSPB, however, disallowed $682.19 in deposition costs and $35 in witness fees. The MSPB reasoned that these amounts were paid to persons other than petitioner's counsel and, therefore, could not properly be considered attorney fees.

The MSPB failed to consider whether attorney fees could be awarded for the time spent by counsel on the within-grade increase appeal. Respondent's brief, however, states that the parties have agreed to an amicable settlement of that portion of this action so we do not address it.

Petitioner has appealed the MSPB's decision asserting (1) that Congress intended the phrase "attorney fees" under section 7701(g)(1) to include all normal litigation expenses, and (2) that there is no rational basis for awarding some litigation expenses but not others, such as deposition costs and witness fees.

I. *The Statutory Language and Legislative History of 5 U.S.C. § 7701(g)(1).*

■ Section 7701(g)(1) expressly provides that attorney fees may be awarded in certain instances. The statutory language, however, does not expressly provide that all other litigation expenses may also be awarded, as petitioner says we should read it. We view this omission to be significant. If Congress intended section 7701(g)(1) to encompass all other expenses besides attorney fees, it could easily have manifested such broad intent. It did not do so. Therefore, we will not ascribe this intent to Congress. *See Nibali v. United States,* 634 F.2d 494, 497 (Ct.Cl.1980) ("It ... is a longstanding rule of law that the consent of the United States to be sued will not be extended beyond its literal terms and will not be implied").

The petitioner, however, contends that the legislative history of section 7701(g)(1) supports her position. We cannot agree. The limited legislative history, which even petitioner concedes is "not a model of clarity," does evince a congressional concern with the amount of money employees might have to spend defending against nonmeritorious actions, and a congressional awareness that the costs of litigation could be as much as the attorney fees. *See* S.Rep. No. 969, 95th Cong., 2d Sess. 60, *reprinted in* 1978 U.S.Code Cong. & Ad.News 2723, 2782; and Transcript of House-Senate Conference Committee Mark-up Session on S. 2640,

---

1. Section 7701(g)(1) provides that:

"(g)(1) Except as provided in paragraph (2) of this subsection, the Board, or an administrative law judge or other employee of the Board designated to hear a case, may require payment by the agency involved of reasonable attorney fees incurred by an employee or applicant for employment if the employee or applicant is the prevailing party and the Board, administrative law judge, or other employee (as the case may be) determines that payment by the agency is warranted in the interest of justice, including any case in which a prohibited personnel practice was engaged in by the agency or any case in which the agency's action was clearly without merit."

95th Cong., 2d Sess. 31 (September 18, 1978). But there is certainly no "persuasive showing" from the legislative history that Congress intended section 7701(g)(1) to encompass all litigation expenses rather than just the major expense of attorney fees. *See Ocean Drilling & Exploration Co. v. United States,* 220 Ct.Cl. 395, 600 F.2d 1343, 1347 (1979) ("'the bare language of the statute is to be given its ordinary meaning 'unless overcome by a persuasive showing from the purpose or history of the legislation'"). On the contrary, the legislative history clearly shows that following a discussion of whether all "reasonable costs and expenses of litigation" should be included in the legislation, as provided in the House bill, the conferees left out any mention of them in the conference report and the bill as enacted. Nor are litigation costs named in the applicable regulations, 5 C.F.R. §§ 550.806, 1201.37 (1982). Therefore, we hold that under section 7701(g)(1) the MSPB is authorized to award only attorney fees.

II. *Concept of Attorney Fees.*

The term "expenses" is generally understood to include all the expenditures made by a litigant in connection with an action. *See Copper Liquor, Inc. v. Adolph Coors Co.,* 684 F.2d 1087, 1098 (5th Cir.1982); 10 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2666 (1973). As noted above, we do not view the term "attorney fees" to be synonymous with "all expenses," as petitioner urges. Rather, attorney fees are but one discrete type of expense incurred by litigants. *See Vecchione v. Wohlgemuth,* 481 F.Supp. 776, 798–99 (E.D.Pa. 1979).

The difficulty, of course, is in identifying those expenses that can fairly be categorized under the rubric of attorney fees. Numerous courts have attempted to do so under other statutory attorney fee provisions. *See Copper Liquor,* 684 F.2d 1087 (5 Cir.1982, Clayton Act); *Northcross v. Board of Education of Memphis City Schools,* 611 F.2d 624 (6th Cir.1979), *cert. denied,* 447 U.S. 911, 100 S.Ct. 2999, 64 L.Ed.2d 862

(1980) (Civil Rights Attorney's Fees Awards Act of 1976); *Wheeler v. Durham City Board of Education,* 585 F.2d 618 (4th Cir. 1978) (Emergency School Aid Act of 1972); *Dunten v. Kibler,* 518 F.Supp. 1146 (N.D.Ga. 1981) (Civil Rights Attorney's Fees Awards Act of 1976); *Loewen v. Turnipseed,* 505 F.Supp. 512 (N.D.Miss.1981) (Civil Rights Attorney's Fees Awards Act of 1976); *Vecchione,* 481 F.Supp. 776 (Civil Rights Attorney's Fees Awards Act of 1976). From reading these cases, and others, we do not perceive any well-established or consistent test for determining when expenses will qualify as attorney fees. Thus, although we respect the varied results in these decisions, we will forge our own definition of attorney fees for this case and do so in a manner that we believe is in harmony with both the common and congressional understanding of the term, and that we believe is a reasonable interpretation of the attorney fee provision in the particular statute involved here.

■ We begin our analysis by employing the negative definition technique to narrow our scope of inquiry. The concept of attorney fees does not comprise those expenses that are commonly known as "taxable costs." Taxable costs are set forth in 28 U.S.C. § 1920 (1976 & Supp.V 1981), which reads:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

We believe that the term "taxable costs" has an identity all its own and is not to be considered part of an award of attorney fees. *See Copper Liquor,* 684 F.2d at 1100–01; *Northcross,* 611 F.2d at 640; *Vecchione,* 481 F.Supp. at 799. We find further support for this proposition in the recently enacted Equal Access to Justice Act (EAJA), Pub.L. No. 96–481, tit. II, § 204(a), 94 Stat. 2321, 2327–29 (codified at 28 U.S.C. § 2412 (Supp.V 1981)). Under the EAJA, "costs" and "fees and other expenses"[2] are expressly authorized, but under different subsections and different standards. We quote:

[A] *judgment for costs,* as enumerated in section 1920 of this title, *but not including the fees and expenses of attorneys,* may be awarded to the prevailing party in any civil action brought by or against the United States or any agency and any official of the United States acting in his or her official capacity in any court having jurisdiction of such action.

28 U.S.C. § 2412(a) (Supp.V 1981) (emphasis added).

But:

[A] court shall award to a prevailing party other than the United States *fees and other expenses, in addition to any costs awarded pursuant to subsection (a),* incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that

action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (Supp.V 1981) (emphasis added).

■ It therefore seems evident that when Congress enacted the EAJA it considered costs and attorney fees to be distinct concepts, and that costs and expenses are not synonymous but are words of art. We thus believe that when Congress authorized the MSPB to award attorney fees under section 7701(g)(1) it did not authorize the award of those expenses considered to be "taxable costs." Instead, the expenses listed in section 1920 may be recovered only if they are allowed by that section. *See Copper Liquor,* 684 F.2d at 1101.

■ Normally, the distinction between costs and attorney fees is academic, as both are routinely awarded in many cases. Unfortunately for petitioner, however, taxable costs cannot be awarded here because the United States has not waived its sovereign immunity with respect to taxable costs in administrative actions such as we are reviewing.[3] *See* 28 U.S.C. § 2412(a) (Supp.V 1981) ("a judgment for costs ... may be awarded ... in any *civil action* brought by or against the United States or any agency and any official of the United States acting in his or her official capacity in any *court* having jurisdiction ...") (emphasis added). We conclude, therefore, that the MSPB was correct in denying recovery of deposition costs[4] and witness fees under the guise of

---

**2.** The term "fees and other expenses" is defined to include "the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees ...." 28 U.S.C. § 2412(d)(2)(A) (Supp. V 1981).

**3.** The Equal Access to Justice Act (EAJA) does provide that with certain restrictions "[a]n agency that conducts an adversary adjudication shall award, to a prevailing party other than the United States, fees and other expenses ...." *See* Equal Access to Justice Act, Pub.L. No. 96–481, tit. II, § 203(a)(1), 94 Stat. 2321, 2325 (codified at 5 U.S.C. § 504(a)(1) (Supp. V

1981)). Petitioner, however, does not contend that the provisions of the EAJA are applicable. Therefore, we do not consider this issue which has not been briefed by either party.

**4.** Although section 1920 does not specifically mention deposition costs, it is well settled that deposition costs are "included by implication in the phrase 'stenographic transcript'" under section 1920(2). *United States v. Kolesar,* 313 F.2d 835, 837–38 (5th Cir.1963). Furthermore, the better view is that the fee of the stenographer taking the deposition may be recovered under section 1920(2) even if the stenographer is not the official court reporter. *See id.* at 838; 10 C. WRIGHT & A. MILLER, *supra* § 2676, at 200–01.

attorney fees although, as shown, we do not accept the MSPB's rationale for this result. It was the board's view that any costs incurred or paid for a third person's services should be rejected. We do not believe this to be entirely consistent with its treatment of the expenses allowed (telephone tolls, postage, travel of counsel), which were also paid to third parties by counsel on behalf of his client. The sounder view is that stenographic fees for depositions and witness fees are taxable costs as to which there is no statutory right of recovery in an administrative proceeding under the Civil Service Reform Act of 1978.

■ There is yet another compelling reason why the witness fee claimed here cannot be recovered. The witness was a government employee who testified at the MSPB hearing. On this the regulation is explicit. 5 C.F.R. § 1201.37(b)(1) (1982) states:

> (b) *Witness fees.* (1) Federal employees: Employees of a Federal agency testifying in any proceeding before the Board ... [or] making a statement for the record shall be in official duty status and shall not receive witness fees.

■ We turn now to those expenses that are recoverable under the attorney fee provision of section 7701(g)(1) and 5 C.F.R. §§ 550.806, 1201.37 (1982). We view an award of attorney fees to encompass those reasonable and necessary out-of-pocket expenses of providing a lawyer's services that are not covered by the hourly rate [5] because they cannot always be anticipated with any certainty in a given case, that are routinely paid by counsel and billed to the client for services rendered, that are not taxable costs or prohibited by statute or authorized regulation, and that are not expenses incurred for the mere convenience of counsel.

Ideally, the hourly rate would fully compensate attorneys for their services.[6] In the real world of actual law practice, however, the hourly rate charged is only an approximation, benchmark, or lodestar. As a result, a few variable expenses of servicing a case must routinely be, and are, billed to clients in addition to the hourly rate. In the case before us, these expenses include travel of counsel, postage, and telephone tolls, which were allowed by the MSPB as a part of the fee for legal services.

■ At oral argument, government counsel contended that the MSPB was wrong and should not have allowed recovery of any expenses at all or, alternatively, that only those expenses allowed by the MSPB should be approved by the court. The basic argument against granting any expenses was that the statute speaks only of "attorney fees" and that this unambiguous language must be strictly construed, and that neither the MSPB nor the court has any license to read any expenses into the quoted phrase. We agree that the statute must be strictly construed as it is a waiver of sovereign immunity, but we think that our interpretation of what in common practice constitutes attorney fees does no violence to the congressional understanding of the term. There is no indication that in enacting the statute Congress intended the words "attorney fees" to have the restricted meaning the respondent ascribes to them. Our interpretation does not open the floodgates to wholesale allowance of excessive expenses. But we cannot approve petitioner's free-wheeling approach to this problem which would allow all expenses of the litigation as a part of attorney fees. Under the American system of justice, litigants are expected to bear all or part of the expenses of adjudicating claims they make, except in unusual circumstances. It is the statute and discretionary authority it grants to the MSPB that bends the custom here. A court must approach any allow-

---

5. Examples of expenses that would be covered by the hourly rate include fixed overhead such as utilities, rent, and secretarial expense.

6. Hourly rate is the compensation charged for one hour of counsel's time expended on a client's case. The rate is influenced by numer-

ous factors including his skill, reputation, status, experience, prevailing rates for comparable legal services in the community, firm overhead, etc. *See* 7 Am.Jur.2d *Attorneys at Law* §§ 277–292 (1980).

ance of expenses with caution and provide for them prudently and with careful respect for any statute applicable in the circumstances. Thus, these all or nothing positions of the parties are both unnecessarily extreme and incompatible with a measured administration of justice.

The MSPB, therefore, properly allowed petitioner to recover $6,987.50 for counsel's time (107.5 hours at $65 per hour), and small amounts for telephone tolls, postage, and local transportation connected with the case. These charges are directly related to the services performed by the attorney, are not charges that are normally subsumed within the hourly rate figure, and yet may fairly be described as part of the fee for services rendered.

Our main difficulty with the MSPB's decision concerns the charges allowed for photocopying. The cost of photocopying is considered a taxable cost. *See Illinois v. Sangamo Construction Co.,* 657 F.2d 855, 867 (7th Cir.1981); *Richerson v. Jones,* 506 F.Supp. 1259, 1267 (E.D.Pa.1981); 10 C. WRIGHT & A. MILLER, *supra* § 2677, at 220. Respondent, however, has not challenged the award of these charges by a cross-appeal. Respondent, as previously noted, has merely attacked the petitioner's appeal on the grounds that no costs or expenses should be allowed or, at most, only those approved by the MSPB. Section 7703(c) says that the court "in any case" can "set aside any agency action" found to be "not in accordance with law." Perhaps we could do that here, relying on section 1920 on taxable costs. While the authorities are not in total agreement, *see generally* 15 C. WRIGHT, A. MILLER & E. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3904 (1976), there is substantial support for the view that, in such a circumstance as here, a cross-appeal is the proper way in which to put the issue before an appellate court when an appellee (respondent here) seeks to enlarge its rights or to diminish those of the other party by overcoming or modifying an award made below. Absent such a cross-appeal, briefing, and argument on the issue, we do not disturb the MSPB's award of photocopying charges in this case.

Finally, we note that the statute, 5 U.S.C. § 7701(g), authorizes but does not direct the MSPB to require an agency to pay "reasonable attorney fees." It "may" require such payment by the agency to the employee when the latter is the "prevailing party" and payment will be "in the interest of justice." The two regulations we have cited carry forward this permissiveness or discretion. For instance, 5 C.F.R. § 550.806(c)(1) (1982) states that the payment of a reasonable attorney fee shall be deemed warranted only if—

(1) Such payment is in the interest of justice, as determined by the appropriate authority in accordance with standards established by the Merit Systems Protection Board under section 7701(g) of title 5, United States Code . . . .

It is provided in 5 U.S.C. § 7701(j) that the MSPB may prescribe regulations to carry out the section which covers appellate procedures, including an award of attorney fees. No regulation touching the inclusion of expenses of litigation as a part of attorney fees has been called to our attention. Such a regulation would perhaps be useful. However, it is clear that in the present case the MSPB has made a considered judgment that certain of such expenses should be allowed as tested by the statutory standards of "prevailing party" and "interest of justice." The actions of the board are entitled to considerable deference when it acts to implement its statutory authority in a reasonable manner. It has authority to decide what a reasonable fee shall include. It is not the court's function to substitute its own judgment in the matter unless the action is unreasonable or clearly unlawful. We conclude that the MSPB result here must be wholly sustained, in the absence of a cross-appeal by the respondent, as a rational, reasonable, and lawful exercise of authority granted to the MSPB by law.

*AFFIRMED.*