22 F.3d 1106
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Herman BLESCHKE, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 93-3505.
 United States Court of Appeals, Federal Circuit.
 March 29, 1994.
 
 Before RICH, SCHALL, Circuit Judges and COHN, District Judge.*
 DECISION
 PER CURIAM.
 
 
 1
 Herman Bleschke petitions for review of the March 22, 1993 decision of the Administrative Judge (AJ) in Merit Systems Protection Board (Board) Docket No. AT-0752-93-0017-A-1. The AJ's decision became the final decision of the Board when Mr. Bleschke's petition for review was denied on July 6, 1993. We affirm.
 
 DISCUSSION
 
 2
 For a period of 22 days in August and September 1992, Petitioner, a Mail Processor at the General Mail Facility in Miami, Florida, was placed in an off duty status without pay. Petitioner appealed this action to the Board. The appeal was dismissed as moot on December 11, 1992 on the basis of a settlement agreement which made Petitioner "whole for 22 days loss of pay." Neither party petitioned for review and a final decision issued on January 15, 1993.
 
 
 3
 On January 25, 1993, Petitioner moved the Board to award him "Reasonable Attorney's Fees and Cost Pursuant to 5 Code of Federal Regulations 1201.37(a)." Petitioner seeks a total of $502.50, including $345.87 denoted as "processing hours" for his time pursuing his appeal pro se and $156.63 denoted as "out of pocket" for copying, stationery, mailing costs, and travel costs. The Board denied Petitioner's motion and found that because he represented himself and is not an attorney, he is not entitled to attorney fees.
 
 Attorney Fees
 
 4
 Petitioner seeks attorney fees under 5 CFR Sec. 1201.37(a), the corresponding statutory provision being 5 USC Sec. 7701(g)(1). According to the statutory provision:
 
 
 5
 an administrative law judge or other employee of the Board designated to hear a case, may require payment by the agency involved of reasonable attorney fees incurred by an employee or applicant for employment if the employee or applicant is the prevailing party [and it is determined] that payment by the agency is warranted in the interest of justice.
 
 
 6
 5 U.S.C. Sec. 7701(g)(1) (1988).
 
 
 7
 This court has previously stated that an award of attorney fees under section 7701(g)(1) has two prerequisites: (1) the petitioner must be the prevailing party, and (2) the award must be warranted in the interest of justice. Sterner v. Department of Army, 711 F.2d 1563, 1566 (Fed.Cir.1983). The court in Sterner additionally indicated, however, that "[o]ther factors, like existence of an attorney-client relationship ... are of course also necessary ingredients" for an award of attorney fees. Id.
 
 
 8
 Here, it is undisputed that Petitioner was not represented by an attorney. Therefore, as found by the Board, an attorney-client relationship could not have existed.
 
 
 9
 In Naekel v. Department of Transportation, F.A.A., 845 F.2d 976 (Fed.Cir.1988), this court addressed the payment of attorney fees to a pro se litigant under the Back Pay Act, 5 USC Sec. 5596 (1981), and the Equal Access to Justice Act, 28 USC Sec. 2412 (Supp. III 1985). The court, in denying payment of attorney fees to a pro se litigant, explained that the success of a pro se litigant "is not authority for the payment of a sum equivalent to the counsel fees he did not incur." The court additionally found that payment of attorney fees to a pro se litigant under either the Back Pay Act or the Equal Access to Justice Act would not serve any additional public purpose such as "a specific intent to encourage vigorous enforcement" found to support an award of attorney fees to pro se litigants under the Freedom of Information Act, the Civil Rights Act, and the Voting Rights Act. Id. at 980.
 
 
 10
 The Board, in previously addressing the award of attorney fees to pro se litigants under section 7701(g)(1), has stated that "[t]he purpose of this attorney fees provision is to facilitate an appellant's access to counsel by alleviating his burden of bearing legal expenses as a result of an erroneous decision of the agency." Sanders v. Equal Employment Opportunity Commission, 45 MSPR 693, 697 (MSPB 1990). Given this purpose, an appellant may not recover fees under section 7701(g)(1) for work performed by a nonattorney, including himself. Id.
 
 
 11
 We agree with the reasoning of the Board in Sanders. Additionally, we note that, as this court found in Naekel, no additional public purpose would be served by permitting payment to a pro se litigant of attorney fees under section 7701(g)(1).
 
 Costs
 
 12
 Petitioner also requests payment of $156.63 for "out of pocket" expenses for copying, stationery, mailing costs, and travel costs incurred in his appeal. The issue of reimbursement of this amount was not addressed by the Board.
 
 
 13
 Costs or expenses have been defined as photocopying, deposition costs, witness fees and other expenses. Bennett v. Department of the Navy, 699 F.2d 1140 (Fed.Cir.1983). Such items are not recoverable absent express statutory authorization for an award of "costs" or "expenses." Id. at 1144. 5 CFR Sec. 1201.37(a) provides only for the recovery of reasonable attorney fees. Because there is no express statutory authorization for an award of expenses other than attorney fees, Petitioner cannot recover such expenses.
 
 5 U.S.C. Sec. 1221(g)
 
 14
 Petitioner additionally asserts that he is entitled to recover attorney fees and costs under 5 U.S.C. Sec. 1221(g) (Supp. IV 1992). From the record before us it appears that this issue is being raised for the first time in this appeal. Because Petitioner cannot raise new issues on appeal we decline to address this issue. Fruin-Colnon Corp. v. United States, 912 F.2d 1426, 1429 (Fed.Cir.1990).
 
 Conclusion
 
 15
 This court reviews Board decisions under a very narrow standard, affirming them unless they are (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, (2) obtained without procedures required by law, rule, or regulation having been followed, or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988). Finding no such grounds present here, we affirm the decision below.
 
 
 
 *
 Honorable Judge Avern Cohn, District Judge, Eastern District of Michigan, sitting by designation