NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3233

DAVID PREHODA,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,

Respondent.

_____

DECIDED: December 12, 2005

_____

Before MICHEL, Chief Judge, BRYSON, and GAJARSA, Circuit Judges.

PER CURIAM.

## DECISION

David B. Prehoda appeals from a decision of the Merit Systems Protection Board, Docket No. BN-0731-04-0071-I-1. The Board granted relief to Mr. Prehoda, canceling a de facto negative suitability determination and ordering the agency to return him to all appropriate eligibility lists. Neither party has challenged the Board's decision nor the relief granted. However, Mr. Prehoda contends that the Board should have granted additional relief. Because the Board did not err in denying the relief he seeks, we affirm.

BACKGROUND

Mr. Prehoda was employed as an Immigration Specialist for the Immigration and Naturalization Service until he resigned from his position on April 11, 1998. Believing his resignation to be involuntary, Mr. Prehoda appealed to the Merit Systems Protection Board ("Board"). His appeal was denied, in part because the administrative judge determined that some of Mr. Prehoda's testimony under oath was not credible. Mr. Prehoda did not appeal that decision to this court.

Subsequently, Mr. Prehoda applied for the position of Center Adjudications Officer with the Department of Homeland Security ("DHS"). He was tentatively selected for that position, but DHS ultimately withdrew the offer, citing the prior determination that Mr. Prehoda had offered testimony that was not credible during his involuntary resignation hearing. Mr. Prehoda appealed his nonselection to the Board.

The administrative judge who was assigned to his case ruled that DHS had made an improper de facto negative suitability determination when it withdrew its offer of employment to Mr. Prehoda. The administrative judge concluded, however, that the Board could not grant effective relief and dismissed the appeal as moot.

The full Board reversed the dismissal. It confirmed the administrative judge's decision that the de facto negative suitability determination was improper, but it then ordered DHS to cancel the negative suitability determination and to return Mr. Prehoda to all appropriate open eligibility lists for employment. Neither DHS nor Mr. Prehoda seeks reversal of that order. Mr. Prehoda's request for additional relief is the basis for this appeal.

DISCUSSION

When the Board reverses a negative suitability determination, the appropriate remedy is "to order the agency both to cancel the unsuitability rating and to return the affected applicant to the eligibility list for employment." Schaefer v. Immigration & Naturalization Serv., 28 M.S.P.R. 566, 568 (1985); see also Dow v. Office of Pers. Mgmt., 95 M.S.P.R. 355, 362 (2003). Here, the Board ordered DHS to "cancel the constructive suitability determination and return the appellant to all appropriate open eligibility lists for employment." Thus, the Board ordered the appropriate remedy.

Mr. Prehoda, however, seeks "immediate reinstatement" as well as "back pay and such benefits as [he] would have enjoyed had he never been separated." It is unclear whether Mr. Prehoda is asking to be returned to the position from which he resigned in 1998 or is seeking a new appointment to the position of Central Adjudications Officer. If it is the former, Mr. Prehoda is not entitled to relief because his resignation in 1998 is not at issue here. Following his involuntary resignation hearing, the Board rejected his claim that his resignation was involuntary, and Mr. Prehoda did not appeal the Board's decision. The correctness of that ruling is therefore not at issue in this case.

To the extent that Mr. Prehoda is seeking to be placed in the position with DHS for which he subsequently applied, that remedy would be beyond the scope of the Board's authority. Reversal of a negative suitability determination "entitles appellant to be returned to the eligibility list, but appointment to a position is at the discretion of the agency." Schaefer, 28 M.S.P.R. at 569. Consequently, Mr. Prehoda is not entitled to an order requiring DHS to appoint him to the position of Center Adjudications Officer.

In the alternative, Mr. Prehoda requests front pay until he reaches age 65. The Board has thus far declined to address whether it has "authority to order 'front pay' or other alternative remedies." Garrison v. Dep't of the Navy, 88 M.S.P.R. 389, 394 n.* (2001). Nonetheless, front pay has generally been limited to those situations in which reinstatement would be ineffective. See Lewis v. Federal Prison Indus., 953 F.2d 1277, 1280 (11th Cir. 1992). Moreover, front pay is considered a "special remedy, warranted only by egregious circumstances." Id. at 1281. There has been no showing of egregious circumstances surrounding the nonselection here, and thus Mr. Prehoda is not entitled to front pay.[1]

Mr. Prehoda also seeks monetary damages as compensation for "mental anguish, humiliation, [and] pain and suffering." To find the government liable for an award of monetary damages, there must be a waiver of sovereign immunity that "extend[s] unambiguously to such monetary claims." Hubbard v. Merit Sys. Prot. Bd., 205 F.3d 1315, 1318 (Fed. Cir. 2000). This court has held that the Board's statutory authority to order corrective action "to remedy a prohibited personnel practice [does] not constitute a waiver of sovereign immunity" with respect to claims for monetary

---

[1] Mr. Prehoda asserts that he has applied for more than 500 positions with the agency and that he has been rejected in each instance. Those alleged nonselections are not before us on this appeal; we address only the nonselection for the position of Center Adjudications Officer that was at issue before the Board. Additionally, Mr. Prehoda has filed a motion asking this court to consider "additional evidence," which consists of his account of various events postdating the Board's order under review in this case. Such subsequent events may form the basis for a request by Mr. Prehoda for the Board to enforce its order, but evidence regarding those events is not properly before us in this action, which is limited to a review of the April 22, 2005, order of the Board. Accordingly, we deny the motion to consider additional evidence.

damages, and that the Board accordingly lacks authority to grant such relief. Id. at 1317.

Mr. Prehoda argues that compensatory or consequential damages are available under 5 C.F.R. § 1201.204, and he cites Zinno v. United States Postal Serv., 77 M.S.P.R. 290 (1998), for support. Zinno, however, explains that the "Board's authority to award compensatory or consequential damages is limited to cases involving claims of prohibited discrimination or reprisal for whistleblowing." Id. at 296 n.8. Although Mr. Prehoda alleges that reprisal for whistleblowing led to his resignation in 1998 and has caused his professional reputation "to be tarnished and defamed by the Agency's representative in this instant case," the Board did not base its decision on the suitability determination issue on those grounds. An award of monetary damages in this case is therefore beyond the Board's authority.

Mr. Prehoda seeks reimbursement of the "cost of this action including all administrative expenses incurred in the filing and subsequent adjudication of this case." This court has held that the Board is not authorized to award taxable costs under 5 U.S.C. § 7701(g)(1). Bennett v. Dep't of the Navy, 699 F.2d 1140, 1144 (Fed. Cir. 1983). Furthermore, although some expenses are recoverable through attorney fee awards under the attorney fee provisions of section 7701(g)(1), Bennett, 699 F.2d at 1145, or the Equal Access to Justice Act, Naekel v. Dep't of Transp., Federal Aviation Admin., 845 F.2d 976, 981 (Fed. Cir. 1988), attorney fees are generally unavailable to pro se litigants. Naekel, 845 F.2d at 981. Accordingly, Mr. Prehoda, a pro se litigant before the Board, is not entitled to recover expenses in the form of costs or attorney fees.

Finally, Mr. Prehoda seeks punitive damages. There is, however, no basis under any law or regulation for an award of punitive damages in cases before the Board. <u>Frier v. United States Postal Serv.</u>, 94 M.S.P.R. 327, 329 (2003). Mr. Prehoda is therefore not entitled to punitive damages. Because Mr. Prehoda has not shown that he was entitled to any of the relief he seeks in this appeal, we affirm the Board's decision.