Ether L. BARNES, Plaintiff-Appellant,

v.

JONES COUNTY SCHOOL DISTRICT et al., Defendants-Appellees.

No. 77–3047

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 19, 1978.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Fred L. Banks, Jr., Jackson, Miss., Richard M. Sharp, Stephen J. Pollak, David Rubin, Washington, D. C., for plaintiff-appellant.

Robert Sullivan, John L. Jeffries, Laurel, Miss., for defendants-appellees.

Before MORGAN, CLARK, and TJOFLAT, Circuit Judges.

CHARLES CLARK, Circuit Judge:

The plaintiff, Ether L. Barnes, appeals a judgment in favor of the defendants, the Jones County School District and school officials,[1] following the remand from this court in *Barnes v. Jones County School Dist.*, 544 F.2d 804 (5th Cir. 1977). We remanded the case to the district court for decision on a single issue: whether defendants violated plaintiff's right to equal protection under the fourteenth amendment because racial bias was a factor in her alleged demotion and in the failure to renew her contract to teach high school English.[2] Finding that the defendants successfully rebutted plaintiff's prima facie case of discrimination, the district court held that the

---

1. As defendants in this action, the plaintiff named the Jones County School District; the Jones County Board of Education; A. D. Knight, individually and as Jones County Superintendent of Education; and five persons individually and as members of the Jones County Board of Education, Donald Bryant, Lonnie Knight, Alonzo Nicholson, Jimmy Rowell, and W. T. Shows.

2. In addition to charging a violation of equal protection, plaintiff charged a *Singleton* violation, *Singleton v. Jackson Municipal Separate School Dist.*, 419 F.2d 1211 (5th Cir. 1969) (en banc), *rev'd in part sub nom. Carter v. West Feliciana Parish School Bd.*, 396 U.S. 290, 90 S.Ct. 608, 24 L.Ed.2d 477 (1970), and the deprivation of a liberty interest and a property interest in employment, without due process of law.

defendants had not violated plaintiff's rights. Because this conclusion is not clearly erroneous, we affirm.

The Jones County School District employed the plaintiff for the four school years from the fall of 1967 until the spring of 1971. For the first three years, plaintiff taught high school English at all-black Roosevelt Attendance Center. Pursuant to a conciliation agreement which the school district entered with the Department of Health, Education, and Welfare, the school district closed Roosevelt and transferred the Roosevelt faculty to previously all-white schools within the district. Plaintiff was transferred to West Jones High School where she taught English for one year. In the spring of her first year at West Jones, plaintiff learned that the school board had refused to approve an annual contract for her covering the next school year.

Unsatisfied by explanations which she received from school officials for this refusal, plaintiff filed suit under 42 U.S.C.A. §§ 1981 & 1983. On appeal, this circuit found for the defendants on all issues except the equal protection claim, which was remanded for further consideration by the district court. On remand, the district judge did not conduct a new trial. The parties stipulated that they had no further evidence to add to the record. The district court decided the case on the basis of the record made at trial and found that racial bias was not a factor in the defendants' refusal to rehire the plaintiff.

Plaintiff brings this action under both Section 1981 and Section 1983. Because Section 1981 will support her cause of action, it is immaterial that plaintiff could not proceed against the school district under Section 1983 alone.[3]

In remanding the equal protection issue for decision, we stated:

The immediately past history of racial discrimination in this system established a prima facie case of violation of equal protection in plaintiff's alleged demotion and discharge, so that on remand the burden will be upon the school district to justify its actions . . . by 'clear and convincing evidence[.]'

544 F.2d at 807. [Citations omitted.] The district court held on remand that this direction referred to the past history of *de jure* segregation in the Jones County School District. Plaintiff initially asserts that this portion of our mandate held that racial discrimination, which her proof established, had continued after the end of *de jure* segregation. Thus, plaintiff contends that the district court should have required defendants, in addition to proving that discriminatory intent did not enter into the decision not to rehire her, to disprove alleged incidents of discrimination in the system not directly related to the particular circumstances of her discharge.

The district court correctly interpreted our directions on remand. We intended to say no more than that the history of legally enforced segregation made a prima facie case which shifted to the defendants the burden of going forward to show that racial bias was not a motivating factor in the failure to rehire the plaintiff. Plaintiff's argument rests upon an erroneous view of the proof requirements in a case like the one at bar. The ultimate question upon which the district court must focus is whether racial bias was a motivating factor in the refusal to hire the plaintiff. A plaintiff's unchallenged showing of recent discrimination in the system coupled with plaintiff's minority status allows the district court to infer that unlawful discrimination existed in plaintiff's particular case, thus establishing a prima facie case. When defendants come forward with evidence relating to plaintiff's particular case showing that this inference is incorrect, plaintiff's prima facie case is rebutted. Defendants need not also rebut the facts that gave rise to the initial inference. If the defendants adequately show that racial discrimination played no part in the failure to rehire the plaintiff, defendants need not prove also that no discrimination existed in the system

---

**3.** See *Kelly v. West Baton Rouge Parish School Bd.,* 517 F.2d 194 (5th Cir. 1975); *cf. White v.* *Dallas Independent School Dist.,* 566 F.2d 906 (5th Cir. 1978).

or that the plaintiff was not a minority group member.

This is not to say that evidence of past discrimination is irrelevant. Obviously, evidence of discriminatory acts after the changeover from a segregated system, even if not directly connected with the plaintiff, could have some bearing on the credibility of officials who maintain that their motives have always been pristine. However, the ultimate question before the district court was whether the defendants had discriminated against the plaintiff herself. The district court on remand properly focused upon facts relating particularly to the presence or absence of discriminatory motive in the school board's determination not to rehire plaintiff.

█ Our mandate also directed that on remand the burden would be on the defendants to justify their actions by "clear and convincing evidence." Plaintiff contends that because the words "clear and convincing evidence" do not appear in the district court's opinion following remand, we must presume that the district court erroneously failed to apply the correct standard and either remand the case or make findings *de novo*. The district court's opinion stated that the defendants "have met their burden of proof on the question of a violation of plaintiff's constitutional right to equal protection." Nothing in the district court's opinion indicates that the district judge failed to apply the standard we directed him to use. We presume that the district court followed rather than ignored our directions. In the absence of any reference to the standard applied, our assumption is that the district court used the proper standard. Additionally, we find sufficient reference to our remand order and adequate adherence to the proper standard to determine that the district judge did not err.

Plaintiff next contends that on remand the school board failed to meet its burden of rebutting her prima facie case of discrimination. With the closing of all-black Roosevelt High School plaintiff asserts that she was transferred from a regular position at Roosevelt to a position at West Jones High School. She claims that this transfer to a temporary position constituted a demotion for racially discriminatory reasons which rendered the school district's subsequent refusal to rehire her unlawful. Irrespective of whether the defendants demoted her in her initial assignment to West Jones, plaintiff also charged that the decision not to rehire her at the end of the 1970–71 school year was racially inspired.

Resolution of plaintiff's claims of racial discrimination chiefly depended upon a credibility choice between plaintiff's version of the facts and the version of the facts recounted by the West Jones High School principal, W. J. Mason, whom plaintiff did not name as a defendant. According to the plaintiff, by eliminating previously all-black schools and then hiring blacks in positions in previously all-white schools where space was available, defendants left white teachers in a semi-tenured position while moving black teachers wherever necessary to fill empty spaces or achieve set racial ratios. Mrs. Nester, a white teacher who had taught English at West Jones High School prior to plaintiff's transfer, had taken pregnancy leave and, under school employment practices, could return whenever she wished. Plaintiff alleges that as a black teacher subject to relocation under the desegregation plan, she was brought into Mrs. Nester's position, where she would soon not be needed. White teachers, she charges, were left secure in their jobs, while black teachers by virtue of the transfer system were subject to the risks of any diminished need for teachers in their subject areas.

Plaintiff charged that after she learned that the school board had not renewed her contract, Mason expressly told her that she was not being rehired because she occupied the position in which Mrs. Nester held preemptive rights. Mason's testimony contradicted that of the plaintiff. He testified that the decision not to recommend the plaintiff for rehiring came before Mrs. Nester told the school that she wanted to return. Mason said that before hearing about Mrs. Nester's plans, he sought to fill plaintiff's position for the next school year with

another black teacher so that the ratio of black faculty members to white faculty members would continue to approximate the ratio of black students to white students. When he could hire no black English teachers from within the system, Mason testified that he asked two predominately black colleges, Tougaloo and Jackson State University, and the University of Southern Mississippi to help in finding a replacement. Upon learning that Mrs. Nester would return, Mason said he decided instead to hire an additional black teacher for his home-economics department. He denied that the plaintiff had been placed in a temporary position and denied that he made this representation in any conversation with her.

Evidence at trial showed that school principals in the Jones County School District chiefly controlled whether teachers would be rehired for subsequent school years. The school superintendent exercised his authority only to approve or disapprove recommendations made by a principal, and, generally, the school board routinely would approve the superintendent's requests. Mason testified that before he knew Mrs. Nester wished to return, the plaintiff's own professional shortcomings had led him to decide not to recommend her rehiring. He testified that many students had complained that plaintiff, an English teacher, could not be understood by her classes, often misspelled words, and used poor grammar. He stated that her personality was a problem because she lacked basic discipline skills in the classroom, lacked poise, and seldom smiled. Mason said further that he had observed the class following disciplinary difficulties and had noted plaintiff's misspelling of words on the blackboard. Also, he stated, about forty students had requested transfers from her class. Plaintiff admitted that discipline problems existed in her classroom, but she traced these chiefly to harassment by white students. She denied that Mason had met with her three times during the fall to discuss shortfalls in her classroom performance, as he testified.

■ The district court's choice to believe Mason rather than the plaintiff was not clearly erroneous. Mason's account of the facts was as credible as plaintiff's. The district court observed the witnesses' demeanor and heard their statements. Mason's testimony set forth substantial, racially non-discriminatory reasons for plaintiff's dismissal. To support her contention, plaintiff had to show that Mrs. Nester's return—or some other discriminatory motive—had caused her dismissal. Only plaintiff's own testimony contradicts Mason's assertion that he did not know of Mrs. Nester's return when he decided not to rehire the plaintiff. Because the district judge chose to believe Mason, there was no reason for him to consider whether the assignment system would have given Mrs. Nester a discriminatory advantage over the plaintiff if they had competed for a single position.

■ The record before the district court also supported its conclusion that plaintiff, even apart from her theory of demotion, was not discriminatorily refused employment. Plaintiff was the only black teacher at West Jones not recommended for rehire, while two white teachers were not recommended. In the whole system for the same year, only two black teachers did not receive a new contract, while five new black teachers were hired. The ratio of white teachers to black teachers in the system since integration has fluctuated within only a few percentage points. No direct evidence apart from plaintiff's testimony suggested that her race affected the decision not to rehire her. The plaintiff testified that her belief that she had suffered unlawful discrimination rested primarily upon her alleged conversation with Mason after she learned of the board's refusal to rehire her, the failure of school officials to cite reasons for her dismissal, and earlier alleged harassment by white students. Under these circumstances, the district court was not clearly erroneous in concluding that defendants successfully rebutted plaintiff's prima facie case.

Because of our disposition of the liability issue, we have no occasion to reach the

questions raised by the plaintiff concerning computation of back pay. The judgment of the district court is

AFFIRMED.