613 F.2d 112
 26 Fair Empl.Prac.Cas. 1260,
22 Empl. Prac. Dec. P 30,723
Joseph HARDY, Plaintiff-Appellee Cross-Appellant,
v.
Leon L. PORTER, Jr. et al., Individually, and as Members of
Board of Trustees of Clarksdale Municipal Separate
School District, Defendants-Appellants
Cross-Appellees.
 No. 78-1528.
 United States Court of Appeals,
Fifth Circuit.
 March 7, 1980.
 
 Semmes Luckett, Clarksdale, Miss., for defendants-appellants cross-appellees.
 Fred L. Banks, Jackson, Miss., Jack Greenberg, New York City, for plaintiff-appellee cross-appellant.
 Appeals from the United States District Court for the Northern District of Mississippi.
 Before HILL, KRAVITCH, and THOMAS A. CLARK, Circuit Judges.
 JAMES C. HILL, Circuit Judge:
 
 
 1
 Plaintiff Joseph Hardy was the principal of an all-black high school in Clarksdale, Mississippi. In 1970, pursuant to a desegregation order, the school was consolidated with an all-white high school. Hardy accepted the post of assistant principal of the new school, and served in that capacity until he voluntarily resigned in June of 1971. In 1972 and again in 1974 a vacancy occurred in the principalship of the consolidated high school. Hardy applied for the post on both occasions but was not hired.
 
 
 2
 In 1974 Hardy commenced this suit against various officials of the Clarksdale school district. The complaint alleged that his demotion to assistant principal in 1970 was not based on "objective and reasonable nondiscriminatory standards" as required by Singleton v. Jackson Municipal Separate School District, 419 F.2d 1211, 1218 (5th Cir. 1969), and that he was denied the post of principal in 1972 and 1974 because of his race. The district court held that Hardy lost any Singleton rights he might have had when he voluntarily resigned from the school system in 1971. That finding was affirmed by this Court on February 10, 1977. Hardy v. Porter, 546 F.2d 1165 (5th Cir. 1977). As to plaintiff's racial discrimination claim, the district court "was 'not persuaded' that defendants' decisions concerning plaintiff were racially motivated." Id. at 1168. Because the trial judge apparently had not considered the burden of proof rule articulated in Keyes v. School District No. 1, 413 U.S. 189, 93 S.Ct. 2686, 37 L.Ed.2d 548 (1973), we remanded for further proceedings on the racial discrimination claim.
 
 
 3
 After taking additional evidence, the district court found that the defendants had followed a "consistent pattern of hiring blacks as administrators for formerly black schools and white administrators for the so-called 'white' schools . . . ." 443 F.Supp. 1164, 1173 (N.D.Miss.1977). The court correctly noted that this evidence of recent discrimination in the school system made out a prima facie case of discrimination in the failure to hire Hardy, and shifted to the defendants the burden of proving by clear and convincing evidence that their actions with regard to Hardy were not racially motivated. Id. at 1171; See Keyes v. School District No. 1, 413 U.S. at 208, 93 S.Ct. at 2697; Barnes v. Jones County School District, 575 F.2d 490, 492 (5th Cir. 1978); Hereford v. Huntsville Board of Education, 574 F.2d 268, 270 (5th Cir. 1978). Concluding that the defendants failed to carry their burden, the court awarded Hardy back pay and attorneys' fees, and ordered the defendants to offer Hardy the principalship of the high school whenever that post became vacant. 443 F.Supp. at 1174.
 
 
 4
 We have carefully reviewed the record and are persuaded that the district court's findings of fact are far from clearly erroneous and that its conclusions of law are supported by substantial evidence. On the issue of liability, we affirm on the basis of the court's thorough memorandum opinion.
 
 
 5
 With respect to attorneys' fees, plaintiff contends that the award is unreasonably low. The attorneys requested compensation for more than 200 hours at the rate of $100 per hour. The district court allowed the attorneys 65 hours at $45 per hour and 45 hours at $30 per hour. We find no abuse of discretion in the rates fixed by the court or in the finding that the case did not require the services of more than one attorney. Nonetheless, a remand is necessary. Although the court correctly stated in its order that the attorneys are not entitled to fees for time spent unsuccessfully pursuing Hardy's Singleton claim, it is not clear that the court considered the possibility that some of the evidence gathered in preparing the case on that issue also was relevant to the racial discrimination claim. If there was any overlap, the attorneys should be compensated for the time spent gathering that evidence. We leave the decision whether to take additional evidence to the discretion of the district court.
 
 
 6
 AFFIRMED and REMANDED.