694 F.2d 229
 30 Empl. Prac. Dec. P 33,252
 Robert D. MARION, Plaintiff-Appellant,
v.
Charles P. BARRIER, individually and as an agent and
employee of the City of Tallahassee, Daniel A. Kleman,
individually and as City Manager of the City of Tallahassee,
and the City of Tallahassee, Florida, Defendants-Appellees.
 No. 81-5253
 
 Non-Argument Calendar.
 United States Court of Appeals,
Eleventh Circuit.
 Feb. 3, 1982.
 Jerry G. Traynham, Tallahassee, Fla., for plaintiff-appellant.
 Henry, Buchanan, Mick & English, James R. English, Asst. City Atty., Tallahassee, Fla., for Barrier, Kleman and City of Tallahassee.
 Appeal from the United States District Court for the Northern District of Florida.
 Before RONEY, KRAVITCH and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 This case raises two issues concerning an award of attorney's fees under 42 U.S.C. Sec. 1988: (1) whether a district court is required to enhance an award of attorney's fees when the fee arrangement between the attorney and client is contingent on success; and (2) whether a district court may limit attorney's fees to an amount based on the hours spent by the attorney working on the issues on which his client ultimately prevailed. We conclude that the court below did not abuse its discretion by failing to enhance the attorney's fee award because of the contingency fee arrangement between appellant and his attorney. Rather, the district court's balancing of that factor against other Johnson criteria and its conclusion that on balance these factors were "neutral" was within the scope of its discretion. We are also in agreement with the district court that the time devoted by an attorney to issues on which his client did not prevail may be excluded from the calculation of attorney's fees under section 1988.
 
 
 2
 In 1976 appellant, who was employed by the City of Tallahassee, was suspended from his job for five days for "figurative conduct, language, and statements to and before safety inspectors and other employees." Appellant was informed at the time that his behavior constituted a "major offense" under the City's personnel rules and regulations and that commission of a second offense within that category would result in his dismissal. In 1977, the City terminated his employment, informing him that the reasons for his dismissal were "insubordination and use of City vehicle for personal services." After receiving a more detailed description of the charges, appellant decided to challenge the City's decision to terminate him and requested a post-termination hearing. The hearing was scheduled for a date several months later, and eventually appellant cancelled the hearing. Thereafter, appellant brought this suit against two of his supervisors and the City of Tallahassee alleging violations of his first and fourteenth amendment rights. In pretrial and post-trial orders, the district court granted appellant part of the relief he requested. In a separate post-judgment order, the district court considered appellant's request for attorney's fees. The court determined that an award of attorney's fees was proper under 42 U.S.C. Sec. 1988 because appellant was the "prevailing party" within the meaning of that provision[1] but awarded compensation "only for those hours expended in pursuit of plaintiff's successful summary judgment motion and the final backpay award."
 
 
 3
 Appellant challenges the attorney's fee award as inadequate on two grounds. First, appellant argues that the district court erred by giving "no apparent effect" to factor six of the Johnson criteria: "Whether the fee is fixed or contingent." See Johnson v. Georgia Highway Express, 488 F.2d 714, 718 (5th Cir.1974)[2]. Appellant argues that the trial court should have increased the hourly rate to reflect the risk that, had appellant lost the suit, his attorney would not have been compensated at all. Johnson cannot be read as standing for the proposition that district courts must in all instances adjust the hourly rate upward where attorney and client have a contingent fee agreement rather than a time-based or fixed dollar fee arrangement. Johnson specifically requires district courts to consider each of the listed factors in making an attorney's fee determination. Id. at 720. It does not, however, compel them to adjust a fee upward or downward in every instance where one or another of the factors is found to be present; rather, it suggests a "balancing process" in which the trial judge remains responsible for the discretionary functions of assessing the weight to be given each factor and the appropriate adjustments to make in the fee. Id. at 719-20. Moreover, although Johnson lists the fixed or contingent fee arrangement as one of the factors for consideration, it emphasizes in its discussion of that factor that the parties' agreements are not decisive. See id. at 718. The district court's opinion indicates that it gave little weight to the alleged contingency fee agreement in this case[3] and that, to the extent that factor did weigh in favor of increasing the fee, it was counterbalanced by several of the other Johnson factors.[4] The process engaged in by the district court of balancing the positive and negative tendencies of the different factors in determining reasonable compensation is fully consistent with Johnson. Moreover, we cannot say that the balance struck by the court below was an abuse of discretion. See id. at 717.
 
 
 4
 Second, appellant argues that the district court erred in limiting the fee award to compensation for work on successful issues. The Fifth Circuit has clearly approved the method of computing attorney's fees that limits compensation to "work performed on the issues on which [the attorney] was successful." Familias Unidas v. Briscoe, 619 F.2d 391, 406 (5th Cir.1980); Hardy v. Porter, 613 F.2d 112, 114 (5th Cir.1980). See also Jones v. Diamond, 636 F.2d 1364, 1382 (5th Cir.1981) [en banc]. "However, the mere fact that the litigants did not succeed in obtaining a judgment on all of the claims asserted does not mean that time spent pursuing these claims should automatically be disallowed." Id. For example, where evidence gathered in preparing an unsuccessful issue may also have been relevant to the successful claim, compensation should be provided for the time spent gathering that evidence, Hardy v. Porter, supra. In determining reasonable compensation, "the court must consider the relationship of the claims that resulted in judgment with the claims that were rejected and the contribution, if any, made to success by the investigation and prosecution of the entire case." Jones v. Diamond, supra at 1382. The issues involved in this case were fairly discrete, and the transcript of the hearing on the attorney's fees issue indicates that the trial judge viewed them as separable.[5] Nonetheless, the process of breaking down the time spent by an attorney and parceling it out to individual issues can never be easy, since such a breakdown is not customarily made by attorneys for recordkeeping purposes. This case is no exception to the observation that in most cases attorney's fees awards "will be totally satisfactory to no one." Johnson v. Georgia Highway Express, Inc., supra, 488 F.2d at 720. Our review of the record convinces us, however, that the apportionment of hours calculated by the court below and the resulting fee award was more than fair to appellant and was not an abuse of discretion.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 Appellees do not here challenge the district court's determination that appellant "prevailed" for purposes of entitlement to attorney's fees under Sec. 1988. To be considered the "prevailing party," litigants need not obtain favorable resolution of every issue raised, see Robinson v. Kimbrough, 652 F.2d 458, 466-67 (5th Cir.1981), nor obtain all the relief they have requested, e.g., Knighton v. Watkins, 616 F.2d 795, 799 (5th Cir.1980). Moreover, the Fifth Circuit has recognized that preliminary relief alone may serve to make a plaintiff the "prevailing party" where the relief so obtained was the primary relief sought. See Doe v. Marshall, 622 F.2d 118, 120 (5th Cir.1980), cert. denied, 451 U.S. 993, 101 S.Ct. 2336, 68 L.Ed.2d 855 (1981), and cases cited therein
 
 
 [2]
 The Eleventh Circuit, in the en banc case of Bonner v. City of Pritchard, 661 F.2d 1206 (11th Cir., Nov. 3, 1981) adopted as precedent the decisions of the former Fifth Circuit
 Although decided prior to enactment of the Civil Rights Attorneys' Fees Awards Act of 1976, Pub.L. No. 94-559, Sec. 2, 90 Stat. 2641, which authorized attorney's fees awards in Civil Rights Act suits, Johnson dealt with a similar attorney's fee provision in the federal employment discrimination legislation. Title VII of the Civil Rights Act of 1964, Sec. 706(k), 42 U.S.C. Sec. 2000e-5(k). The guidelines set forth in Johnson have since been applied by courts to attorney's fee awards under a wide range of statutes, not limited to the civil rights context. See, e.g., Copper Liquor, Inc. v. Adolph Coors Co., 624 F.2d 575 (5th Cir.1980) (antitrust); Matter of First Colonial Corp. of America, 544 F.2d 1291, 1298-99 (5th Cir.), cert. denied, 431 U.S. 904, 97 S.Ct. 1696, 52 L.Ed.2d 388 (1977) (bankruptcy); Miller v. Mackey International, Inc., 515 F.2d 241, 242 (5th Cir.1975) (securities); Ward v. Kelly, 515 F.2d 908, 912 (5th Cir.1975) (school desegregation); Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir.1975), cert. denied, 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976) (labor).
 
 
 [3]
 The court's specific discussion of factor six stated only that "[a]lthough he is unable to locate the contract, plaintiff's attorney testified that he believes the arrangement with plaintiff was for a 40 to 50 percent contingent fee or attorneys' fees awarded by the court, whichever is greater. No money has been paid by plaintiff to his attorney in this lawsuit." This tentative statement together with the trial judge's remark at the attorney's fees hearing that no contingent fee agreement had been proven, see Transcript of Attorney's Fees Hearing at 51-52, suggest that the judge gave the contingency fee factor little weight because of lack of adequate proof. Such decision was justified since appellant had the burden of proving his entitlement to attorney's fees. Johnson v. Georgia Highway Express, supra, 488 F.2d at 720
 
 
 [4]
 The district court listed the contingency fee factor (Johnson factor 6) as one of a group of five factors that had "little appreciable impact on the fee analysis" and were "on balance, neutral." The court's findings on three of those factors ((2) novelty and difficulty of issues; (4) preclusion of other employment; and (10) desirability of case) would have supported a decrease in the award
 
 
 [5]
 At the hearing, the judge stated:
 I'm not talking about a case where the issues are all scrambled in and the evidence as to one really flops into the other issue. I'm not talking about those. Here in this case you seem to have either a bifurcated situation or one that there, in fact, could have been two lawsuits; one was a procedural due process, and the other was the issue of damages or justification.
 * * *
 I think clearly the Court has discretion on when a party moves along after summary judgment and prevails on the remaining issues in the case.... [T]he legal result [would be] that the attorney would be entitled to be compensated for the time reasonably invested in pursuing the case to its end, because, in effect, at the end, plaintiff prevails on most of the issues in the case.... But here you prevailed on procedural due process, and the rest of the time was spent preparing for trial on the issue of damages, as I see it.
 Transcript of Attorney's Fees Hearing at 60, 61.