Houston M. EVANS, Appellant,

v.

The HARNETT COUNTY BOARD OF
EDUCATION, Appellee.

No. 81–2127.

United States Court of Appeals,
Fourth Circuit.

Argued March 31, 1982.

Decided July 27, 1982.

of the Harnett County Board of Education in this action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., 42 U.S.C. §§ 1981, 1983, and the thirteenth and fourteenth amendments. On appeal Evans raises two arguments: (1) the district court improperly failed to grant an injunction prohibiting an employment practice which it found to be unlawful; and (2) the district court erred in evaluating Evans's individual claim under the principles annunciated in *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), and *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). We believe these contentions have merit and therefore vacate the judgment of the district court.

## I

Until 1969, a dual public school system, segregated by race, existed in Harnett County, North Carolina. In that year, however, the public schools became a unitary system pursuant to a court order requiring desegregation.

In 1976, Evans, a black educator and former principal in Harnett County, applied for employment as a principal, supervisor, or similar administrator in the county public school system. In 1977, he was twice among the finalists considered for the position of principal in formerly white schools. In both instances, local advisory councils recommended white applicants who were later hired by the board. These local advisory councils were composed of five white and two black members. The district court found that their recommendations were always accepted by the superintendent and the board.

Evans filed a charge of discrimination with the Equal Employment Opportunities Commission, and after conciliation efforts failed, he instituted this action. Evans alleged that "[b]lack applicants for teaching and principal positions are denied employment on the basis of their race." In addition to appointment to an appropriate posi-

James C. Fuller, Jr., John W. Gresham, Charlotte, N. C. (Chambers, Ferguson, Watt, Wallas, Adkins & Fuller, P. A., Charlotte, N. C., on brief), for appellant.

Robert H. Jones, Robert B. Morgan, Dunn, N. C. (Robert C. Bryan, Morgan, Bryan, Jones & Johnson, Dunn, N. C., on brief), for appellee.

Before WINTER, Chief Judge, and BUTZNER and WIDENER, Circuit Judges.

BUTZNER, Circuit Judge:

Houston M. Evans appeals from a judgment of the district court entered in favor

tion with back pay and an award for attorney's fees and costs, Evans requested the district court to enjoin the board's "unlawful employment practices." The court denied all relief and entered judgment in favor of the board.

## II

 We first examine the district court's denial of injunctive relief. The district court found that "[s]ince the Harnett County school system became unitary in 1969, a pattern has evolved whereby whites are chosen as principals of formerly white schools and blacks are chosen as principals of formerly black schools." The district court properly concluded that this practice involved impermissible considerations of race and constituted illegal discrimination. *See Hardy v. Porter*, 613 F.2d 112 (5th Cir. 1980). Nonetheless, the district court failed to grant Evans's request to enjoin this unlawful employment practice.

 The district courts' equitable power to remedy the harm caused by unlawful discrimination in employment is not insulated from appellate review. *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 416, 95 S.Ct. 2362, 2370, 45 L.Ed.2d 280 (1975). When failure to grant injunctive relief constitutes clear error, the remedy will be ordered by an appellate court. *Sandford v. R. L. Coleman Realty Co., Inc.*, 573 F.2d 173, 178–79 (4th Cir. 1978). The primary remedial provision of Title VII, 42 U.S.C. § 2000e–5(g), provides that "the court may enjoin the respondent from engaging in [an] unlawful employment practice . . . ." Although this grant of authority is framed in discretionary terms, a court's discretion is not unfettered. It must be exercised to serve the purposes of the Act. *See Albemarle*, 422 · U.S. at 416–17, 95 S.Ct. at 2370–71. This court recently commented that "[t]o the extent that the district court finds racial discrimination, it is under a duty to render a decree which will both eliminate past discrimination and bar discrimination in the future." *United States v. County of Fairfax, Virginia*, 629 F.2d 932, 941 (4th Cir. 1980). *See also Rock v. Norfolk and West-*

*ern Ry. Co.*, 473 F.2d 1344, 1348 (4th Cir. 1973).

 We cannot accept the board's contention that injunctive relief is barred because Evans neither certified this suit as a class action nor advanced a meritorious individual claim. An injunction warranted by a finding of unlawful discrimination is not prohibited merely because it confers benefits upon individuals who were not plaintiffs or members of a formally certified class. *See Sandford*, 573 F.2d at 178. Nor is an injunction against discriminatory employment practices rendered inappropriate because the court dismissed Evans's claims for appointment and back pay. Evans is a candidate for other appointments. The superintendent testified that his application is on file and that he will be considered for every position that opens. Evans and other black applicants are entitled to be considered for future appointments free of the taint of the invidious discrimination that the district court found.

We therefore conclude that the district court erred in refusing to enjoin the board's unlawful employment practices.

## III

In evaluating Evans's claim, the district court wrote that it was "guided" by the principles explained in *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), and *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). These cases establish the burden of proof in Title VII claims which proceed under the typical disparate treatment theory. Upon the presentation by the plaintiff of a prima facie case of discrimination, the burden of production shifts to the defendant to " 'articulate some legitimate, nondiscriminatory reason' " for the employment decision. If this burden is met, the plaintiff must show that the proffered reasons are merely "a pretext for discrimination." Throughout the proceedings the ultimate burden of persuasion rests with the plaintiff. 450 U.S. at 253, 101 S.Ct. at 1093.

 While these principles govern the evaluation of most Title VII claims based on a disparate treatment theory, the courts repeatedly have concluded that shifting the burden of persuasion to the defendant is proper in certain circumstances. Primary among the conditions warranting this shift is a finding of either intentional segregative action or a recent history of racial discrimination in a school system. *Keyes v. School Dist. No. 1*, 413 U.S. 189, 208–10, 93 S.Ct. 2686, 2697–98, 37 L.Ed.2d 548 (1973); *Chambers v. Hendersonville City Board of Education*, 364 F.2d 189, 192 (4th Cir. 1966).

 In *Hardy v. Porter*, 613 F.2d 112 (5th Cir. 1980), the district court found a discriminatory pattern of hiring principals similar to that identified in this case. The Court of Appeals for the Fifth Circuit, relying on *Keyes*, concluded:

> [T]his evidence of recent discrimination in the school system made out a prima facie case of discrimination in the failure to hire [the plaintiff] and shifted to the defendants the burden of proving by clear and convincing evidence that their actions with regard to [the plaintiff] were not racially motivated, 613 F.2d at 114.

We also hold that the district court's finding of racial discrimination required the school board to assume the burden of persuasion in rebutting Evans's claim of discrimination.

The board contends that the district court did allocate to it the burden of persuasion. It relies on a footnote to the court's conclusion that the board's pattern of filling vacancies constituted unlawful discrimination. The footnote states: "By this conclusion the burden shifts to defendant to show a non-discriminatory reason for the nonhiring."

We are unable to say on the basis of this footnote that the district court properly shifted the burden of persuasion to the school board. The footnote stands in direct contrast to the court's textual explanation that "[t]he decision in this case is determined by the ... principles" contained in *McDonnell Douglas Corp.* and *Burdine*. Possibly the contradictory statements of the court can be reconciled by ascribing to the footnote reference to the burden of production of evidence instead of the burden of persuasion. But if this meaning is accepted, the footnote conflicts with the governing principles explained in *Keyes*.

Because we cannot say with certainty that the district court properly allocated the burden of proof in assessing Evans's claim, we remand this case for reconsideration in light of the principles set forth in *Keyes*, *Hardy*, and *Chambers*.

 Regardless of the ultimate disposition of his individual claim, Evans is entitled to recover reasonable attorneys' fees for services in the district and appellate courts. His successful pursuit of an injunction against unlawful discrimination vindicated the policies underlying Title VII. *See Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968).

The judgment of the district court is vacated, and the case is remanded.