Dennis A. **WALTERS, Jr.,** Plaintiff,

v.

**CITY OF ATLANTA,** et al., Defendants.

**Civ. A. No. 83–1432a.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Sept. 10, 1985.

On Motion for Interim Award of Fees
Nov. 4, 1985.

---

Dana E. McDonald, Atlanta, Ga., for plaintiff.

Kendric E. Smith, Marva Jones Brooks, Atlanta, Ga., for defendants.

## ORDER

SHOOB, District Judge.

Plaintiff Dennis A. Walters, Jr., the prevailing party in this employment discrimination action,[1] has moved for an award of attorney's fees pursuant to 42 U.S.C. §§ 1988, 2000e–5(k) and has submitted an itemized request in accordance with L.R. 270–1(4), N.D.Ga. For the reasons stated below, plaintiff's motion is granted and plaintiff is awarded $71,548.36 for attorney's fees and expenses.

Absent "special circumstances," a prevailing plaintiff in a Title VII action is entitled to an award of reasonable attorney's fees. *Newman v. Piggie Park Enterprises*, 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968) (per curiam); *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 415, 95 S.Ct. 2362, 2370, 45 L.Ed.2d 280 (1975). In the instant case, defendants concede that there are no special circum-

---

1. Relevant background information is provided in the Court's previous orders. *Walters v. City of Atlanta,* 610 F.Supp. 715 (N.D.Ga.1985).

stances precluding an award, and the Court has previously determined that plaintiff should recover attorney's fees. *Walters v. City of Atlanta,* 610 F.Supp. 715, 730 (N.D. Ga.1985). Thus, the only issue to be resolved is the amount of the award. The factors relevant to this determination were set forth in the seminal case of *Johnson v. Highway Express,* 488 F.2d 714, 717–19 (5th Cir.1974), and have been further elucidated in several recent decisions. *See, e.g., Blum v. Stenson,* 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Jones v. Central Soya Co.,* 748 F.2d 586 (11th Cir.1984); *Copeland v. Marshall,* 641 F.2d 880 (D.C.Cir. 1980) *(en banc).*

■ The first step in determining attorney's fees is multiplying the hours "reasonably expended on the litigation ... by a reasonable hourly rate." *Hensley,* 103 S.Ct. at 1939; *see Central Soya,* 748 F.2d at 589 n. 3. This calculation yields the base award or "lodestar" figure. After determining the lodestar, the Court must decide whether to enhance or reduce that figure in light of the remaining *Johnson* factors.[2] *Hensley,* 103 S.Ct. at 1940.

■ Plaintiff's attorney, Dana E. McDonald, has submitted an itemized log indicating that he devoted 538 hours to this case over a three year period. Pursuant to a stipulation between the parties, Mr. McDonald seeks an hourly rate of $85. De-

fendants do not dispute the number of hours claimed but argue that certain of the time charges logged reflect work which could have been performed by a layman. *See Johnson,* 488 F.2d at 717. Specifically, defendants advert to 81.5 hours which are entered in Mr. McDonald's log and which involve a combination of legal and non-legal activities, such as filing pleadings and outlining depositions. It is, of course, often difficult to distinguish between work which may properly be charged at lawyer's rate and work which could have been performed by a layman. Nonetheless, the Court has reviewed defendant's objections and concludes that 22 hours[3] of Mr. McDonald's time should be billed at the rate of $30 per hour. *Id.; cf. Berberena v. Coler,* 753 F.2d 629, 631 n. 2 (7th Cir. 1985).[4]

■ Turning to the proper hourly rate, the parties dispute the meaning of the following stipulation: "that $85 per hour is not an unreasonable base hourly rate...." 610 F.Supp. at 729. Plaintiff maintains that the stipulated rate referred to Mr. McDonald's historical fee as well as his current fee; defendants assert that the stipulation involved only Mr. McDonald's current fee. The Court has always viewed the stipulation as controlling both the current and historical rate. *See id.* ("[P]laintiff is not required to present additional evidence on the reasonableness of an

---

**2.** In *Blum,* 104 S.Ct. at 1548, the Supreme Court stated that the lodestar will normally constitute a reasonable fee and thus reaffirmed the *Hensley* court's view that many of the *Johnson* factors will ordinarily be "subsumed" within the calculation of the lodestar. *Hensley,* 103 S.Ct. at 1940 n. 9. However, *Blum* squarely rejects the notion that it is impermissible to enhance the lodestar based on the *Johnson* factors. 104 S.Ct. at 1548.

**3.** The 22 hour reduction represents the partial rejection (in the amounts indicated) of Mr. McDonald's time charges for the following dates: July 6, 1983 (.5); July 8, 1983 (2.1); July 11, 1983 (.2); August 11, 1985 (3.5); August 12, 1983 (.3); June 14, 1984 (.2); August 15, 1984 ■; August 16, 1984 (2); August 17, 1984 (2); August 18, 1984 (1.5); August 22, 1984 (3); October 5, 1984 (2.5); October 16, 1984 (1); June 3,

1985 (.2). To be sure, these reductions are arbitrary to some extent, but the amount involved does not merit more detailed consideration.

**4.** Plaintiff argues that a flat rate for all of Mr. McDonald's charges would be appropriate, citing *Berberena v. Coler,* 753 F.2d 629 (7th Cir. 1985), and *White v. City of Richmond,* 713 F.2d 458 (9th Cir.1983). The cases cited by plaintiff offer support for his position. However, both cases make it plain that the flat rate approach is not mandatory. *See Berberena,* 753 F.2d at 632 n. 3; *White,* 713 F.2d at 461 ("[T]he use of a single average rate for each attorney is not necessarily an abuse of discretion.") The Court concludes that the approach followed here is consistent with the rationale expressed in *Johnson.*

award of $85 per hour.") Moreover, as discussed below, the court finds that although the $85 hourly rate suffices for the purpose of computing the lodestar, it is in fact inadequate.

Thus, the lodestar figure in this case is $44,520.00. The Court must next consider whether the remaining *Johnson* factors warrant reducing or enhancing this amount.

In the instant case, the most important of the remaining *Johnson* factors is the nature of plaintiff's fee agreement, since plaintiff's counsel accepted employment pursuant to a modified contingency fee agreement.[5] *Blum* left open the question whether a district court may increase the lodestar because, by accepting employment on a contingency fee basis, the prevailing party's counsel incurred the risk of nonpayment. 104 S.Ct. at 1550 n. 17. In *Central Soya*, however, the court reaffirmed this circuit's practice of enhancing an award where the attorney has accepted employment without a guarantee of reasonable payment.[6] 748 F.2d at 591; *see also Blum*, 104 S.Ct. at 1550–51 (Brennan, J., concurring).

■ There can be little doubt that the possibility of a contingency fee adjustment is an important incentive for qualified attorneys to undertake arduous and time-consuming civil rights and discrimination liti-

gation. In the instant case, plaintiff's counsel, a highly qualified and skilled advocate, ventured into a difficult case with a guarantee of only minimal payment. *See, supra,* note 5. Therefore, the Court concludes that the fee award should be significantly enhanced. Accordingly, the Court will increase the lodestar by 35%.[7]

■ With respect to *Johnson* factors number three and number nine, as the Supreme Court made clear in *Blum*, the skill required to try a case and the attorney's ability and credentials are normally reflected in the hourly rate used to calculate the lodestar. 104 S.Ct. at 1549; *Copeland,* 641 F.2d at 893–94. The Court has no quarrel with this general proposition. Here, however, the Court did not set the hourly rate. In fact, during the hearing in which the parties stipulated to the hourly rate, the Court indicated that it thought $85 was "on the low side." Transcript at 1033. Moreover, the *Blum* court acknowledged that where an attorney's superior performance produces exceptional results, an enhancement of a modest hourly rate may be appropriate. 104 S.Ct. at 1549; *see also Hensley,* 103 S.Ct. at 1941; *Copeland,* 641 F.2d at 893–94. In the Court's view, Mr. McDonald's performance at trial surpassed "the level of skill normally expected of an attorney commanding the hourly rate used to compute the lodestar." *Id.* at 893.

---

**5.** Plaintiff's fee agreement with counsel provided that he was required to pay only $150 per month if the case failed. If plaintiff prevailed, counsel was to receive $85 per hour plus a contractual enhancement equaling one-third of any recovery for noneconomic damages. Since the jury awarded plaintiff $150,000 for mental distress and $7,000 in punitive damages, counsel is entitled to a $52,333 contractual enhancement. Under the terms of the agreement, plaintiff will receive credit against the contractual enhancement for any statutory enhancement provided by the Court.

**6.** A contingency fee adjustment is not obligatory. "The trial judge may decide that the factor is offset by a countervailing factor, or the judge may take it into account in formulating a proper hourly rate." *Yates v. Mobile County Personnel Board,* 719 F.2d 1530, 1534 (11th Cir.1983); *Marion v. Barrier,* 694 F.2d 229, 231 (11th Cir. 1982) (per curiam).

**7.** Plaintiff seeks a contingency fee adjustment of $52,333 to offset his obligation to pay counsel one-third of his recovery for noneconomic damages. *See, supra,* note 5. Although plaintiff acknowledges that the Court is not bound by the terms of the fee agreement, *see, e.g., Copper Liquor, Inc. v. Adolph Coors Co.,* 624 F.2d 575, 583 n. 14 (5th Cir.1980), he argues that the requested adjustment is appropriate because counsel accepted considerable risk in basing his contractual enhancement on the unlikely prospect of a substantial noneconomic damage recovery. The Court finds this argument unavailing for two reasons. First, as noted by defendants, plaintiff's argument would yield an unparalleled contingency fee adjustment. *See Johnson,* 488 F.2d at 719. Second, a contingency fee adjustment should not be based on the amount of recovery. *See Copeland v. Marshall,* 641 F.2d 880, 892–93 (D.C.Cir.1980) (*en banc* ).

This action was difficult to litigate, inasmuch as it involved a treasured city institution and thus gave rise to an emotionally charged atmosphere. Nonetheless, throughout the trial counsel exhibited unusual poise and control and demonstrated a superior ability to present his client's position in an orderly, comprehensible, and persuasive fashion. In addition, plaintiff's recovery could not have been more favorable; in particular, the jury's noneconomic damage verdict exceeded the Court's expectation. Accordingly, the Court will adjust the lodestar by 5%.

■ As to *Johnson* factor number five, plaintiff seeks an enhancement of counsel's customary fee because of a delay in payment. *See Central Soya*, 748 F.2d at 593; *Johnson v. University College of the University of Alabama*, 706 F.2d 1205, 1210–11 (11th Cir.), *cert. denied*, 464 U.S. 994, 104 S.Ct. 489, 78 L.Ed.2d 684 (1983). An adjustment on these grounds is warranted where the hourly fee is based on "historical rates, reflecting the reasonable rate at the time the work was performed...." *Id.* As discussed above, the $85 hourly rate reflects both the historical and current rate in the instant case. Therefore, a 10% enhancement is appropriate to account for the delay in payment.[8]

■ In *Hensley*, the Supreme Court explained that *Johnson* factor number eight—the results obtained—is of prime importance, especially where the prevailing party has achieved only limited success. 103 S.Ct. 1940–43. In the instant case, defendants concede that plaintiff obtained "excellent results" and "the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." *Id.* at 1940. However, plaintiff contends that the fee award should be enhanced because of the generous damage award garnered in this case. *Blum* teaches otherwise. 104 S.Ct. at 1549. Under *Blum*, the results obtained factor is not "normally ... an independent

basis for increasing the fee award." *Id.* (footnote omitted). As indicated above, the Court considered plaintiff's recovery in enhancing the fee award based on Mr. McDonald's superior performance. Therefore, an increase in plaintiff's award of attorney's fees would not be proper on this ground.

■ The Court also rejects plaintiff's contention that an increase in the lodestar is warranted under Johnson factor number seven—time limitations imposed by the client or circumstances. Although this case required immediate and concentrated attention, especially at the outset, defendants have not contested counsel's billing judgment and consequently counsel will be fully compensated for his efforts through the lodestar calculation. *See Hensley*, 103 S.Ct. at 1940 n. 9.

■ The parties agree that the remaining *Johnson* factors do not dictate increasing or reducing the lodestar. *Id.* The Court agrees with this assessment. However, one additional *Johnson* factor merits comment, viz., the "undesirability" of handling this case. By accepting this case, counsel involved himself in a conflagrant dispute with the local government. The Court declines to enhance the fee award on this basis alone, but, as indicated above, the Court took note of this factor in adjusting the lodestar based on counsel's performance.

■ In sum, plaintiff's motion for attorney's fees is GRANTED. For the reasons set forth above, plaintiff is entitled to $66,780.00 in attorney's fees for Mr. McDonald. Plaintiff also seeks $800.00 for attorney's fees charged by Gary Flack before plaintiff hired Mr. McDonald, $1,608.35 for expenses, and $2,360.01 for costs. Defendants have not disputed these requests and the Court finds that they are reasonable. Accordingly, the Clerk is DIRECTED to

---

**8.** A contrary conclusion would penalize plaintiff's counsel for being the unusual lawyer who has not raised his rates in recent years.

enter judgment for plaintiff in the amount of $71,548.36.[9]

IT IS SO ORDERED.

## ORDER ON MOTION FOR INTERIM AWARD OF FEES

By order dated September 10, 1985, the Court awarded plaintiff Dennis A. Walters, Jr., $71,548.36 for attorney's fees. In plaintiff's supplemental brief in support of his motion for attorney's fees, he requested an interim award of attorney's fees, notwithstanding that defendants had filed an appeal of the Court's judgment in favor of plaintiff. The Court declined to rule on the issue of an interim award in its order of September 10, 1985, and defendants were allowed ten days from the filing of that order in which to object to an interim award. On September 20, 1985, defendants filed their objections to plaintiff's request as well as a notice of appeal of the Court's award of attorney's fees.

Defendants advance two objections to an interim award: (1) that such an award would run counter to the stay of monetary judgments available under Fed.R.Civ.P. 62(d)[1]; and (2) that plaintiff is not entitled to an interim award under the facts of this case. The Court is not required to consider whether a stay of a monetary judgment under Rule 62(d) will, in all cases, preclude an interim award of attorney's fees[2], since it concludes that plaintiff has not demonstrated the need for an interim award in the instant case.

■ The factors relevant to a motion for an interim award of attorney's fees include the following: (1) whether the grounds for an interim award are suffi-

ciently discrete from matters remaining to be litigated; (2) whether the moving party will be unable to continue litigating the case absent an interim award; (3) whether the party opposing the interim award has been guilty of dilatory tactics; and (4) whether the action has been or is likely to be unduly protracted. *Bradley v. School Board of City of Richmond,* 416 U.S. 696, 723, 94 S.Ct. 2006, 2022, 40 L.Ed.2d 476 (1984); *Smallwood v. National Can Co.,* 583 F.2d 419 (9th Cir.1978); *James v. Stockham Valves & Fittings Co.,* 559 F.2d 310, 358–59 (5th Cir.1977), *cert. denied,* 434 U.S. 1034, 98 S.Ct. 767, 54 L.Ed.2d 781 (1978); *Van Hoomissen v. Xerox Corp.,* 503 F.2d 1131, 1133 (9th Cir.1974); *Powell v. United States,* 569 F.Supp. 1192, 1197–1200 (N.D.Cal.1983); *Westfall v. Board of Commissioners of Clayton County,* 477 F.Supp. 862 (N.D.Ga.1979).

■ In the instant case, the relevant factors militate against an interim award. It is clear that there are no issues remaining before the Court that would preclude an interim award. But plaintiff has not asserted that he requires an interim award because of financial hardship. *Compare Powell,* 569 F.Supp. at 1200. Moreover, defendants have not been guilty of dilatory tactics during the course of this case. Compare *id.* Finally, unlike many discrimination actions, this case has not been inordinately protracted. *Compare James,* 559 F.2d at 358–59.

Accordingly, the Court DENIES plaintiff's motion for an interim award of attorney's fees.

IT IS SO ORDERED.

**9.** In plaintiff's supplemental brief in support of his motion for attorney's fees, he requested that the Court's award of fees be effective immediately, notwithstanding that defendants' appeal to the Eleventh Circuit is currently pending. *See Hanrahan v. Hampton,* 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980); *James v. Stockham Valves & Fittings,* 559 F.2d 310, 358–59 (5th Cir.1977), *cert. denied,* 434 U.S. 1034, 98 S.Ct. 767, 54 L.Ed.2d 781 (1978). The Court will allow defendants ten days from the filing of this order in which to raise any objections they may have to the grant of an interim award.

**1.** The Court assumes that defendants have filed the requisite supersedeas bond, although they have not so stated. *See generally* Wright & Miller *Federal Practice & Procedure* Civil § 2905 (1973).

**2.** It is worth noting, however, that defendants' Rule 62(d) argument is particularly trenchant in the instant case, since they have appealed the Court's award of attorney's fees in addition to the Court's judgment for plaintiff on the merits.