

---

Final:

Robert Earl McCargo, pro se.

Denise A. Kuhn, Deputy Atty. Gen., Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

FULLAM, Senior District Judge.

On November 21, 1990, I issued a preliminary injunction directing defendant prison to establish a system for diabetic inmates to receive special diets and to assure them access to insulin. On September 9, 1991, I ordered the preliminary injunction made permanent.

Defendants have filed motions to alter or amend this judgment arguing that the injunctive order is impermissibly broad in that it provides relief to individuals who were not parties to these actions.

Neither the Supreme Court nor the Third Circuit has addressed the issue whether an injunction, absent class certification, can cover parties other than the named plaintiffs. The Fourth, Fifth, and Ninth Circuits have addressed this question and have held that an injunction can benefit parties other than parties to the litigation. *Evans v. Harnett County Bd. of Educ.,* 684 F.2d 304 (4th Cir.1982); *Meyer v. Brown & Root Construction Co.,* 661 F.2d 369 (5th Cir.1981); *Bresgal v. Brock,* 843 F.2d 1163, 1170 (9th Cir.1987).

There is no general requirement that an injunction affect only the parties in the suit. Where as here an injunction is warranted by a finding of defendants' outrageous unlawful practices, the injunction is not prohibited merely because it confers benefits upon individuals who were not named plaintiffs or members of a formally certified class. The non-party diabetic inmates' benefitting from the injunction in no way makes the order improper.

Defendants' motions to alter or amend the judgment will therefore be denied.

