[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14767
Non-Argument Calendar

_____

D. C. Docket No. 1:07-cv-00135-SPM-GRJ

BETA UPSILON CHI UPSILON CHAPTER AT THE UNIVERSITY OF FL.,
BETA UPSILON CHI, INC.,

Plaintiffs-Appellants,

versus

J. BERNARD MACHEN,
In his official capacity as President
of the University of Florida,
PATRICIA TELLES-IRVIN,
In her official capacity
as Vice President for Student Affairs, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 13, 2013)

Before HULL, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

This is an appeal of an order awarding Appellants $6,632.50 as reasonable attorney's fees for work on a motion for injunction pending appeal.[1] Appellants contend that the district court abused its discretion by not awarding them $259,093.98 in reasonable attorney's fees for all work performed before the district court.

To properly understand the issue before us, we must describe the scope of our prior holding in the Order of this Court on August 26, 2010. There, we awarded appellate attorney's fees to Appellants, but only to the extent of reasonable attorney's fees performed in this Court on Appellants' motion for injunction pending appeal. In so holding, we denied appellate attorney's fees only for appellate work performed afterwards on the merits and mootness issues.

We review a district court's award of attorney's fees for abuse of discretion. *Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1293 (11th Cir. 1999). However, we hold that the district court abused its discretion to the extent that it interpreted our August 26, 2010, Order as indicating that fees were to be awarded only with respect to work performed on the actual motion for injunction pending

---

[1]    The procedural history of this case prior to litigation of Appellants' attorney's fees is set out in *Beta Upsilon Chi Upsilon Chapter at the University of Florida v. Machen*, 586 F.3d 908 (11th Cir. 2009).

2

appeal.  Contrary to the district court's interpretation, our August 26, 2010, Order was thus limited only because Appellants were only successful on appeal with respect to the work on the injunction pending appeal and not with respect to other issues, including the mootness issue.

Accordingly, reasonable district court attorney's fees to which Appellants are entitled are not limited to the actual work performed by Appellants in the district court on the injunction pending appeal.  Rather, the appropriate award should include other work performed by Appellants in the district court which was reasonably related to, and reasonably contributed to, the success achieved—i.e., the grant of the injunction pending appeal.  Only after considering the amount of time invested leading up to the injunction pending appeal may the district court consider factors regarding the reasonableness of this award, including, *inter alia*, the nature and length of the professional relationship with the client and the time and labor required.  *Hensley v. Eckerhart*, 461 U.S. 424, 429-30 n.3, 103 S. Ct. 1933, 1937 n.3 (1983).  But the district court abused its discretion by only awarding attorney's fees to the prevailing party for the work on this one motion and by not taking into account work preceding this motion that is fundamentally required for Appellants to become a prevailing party—e.g., work on the

3

complaint.[2] *Cf., e.g.*, *Marion v. Barrier*, 694 F.2d 229, 232 (11th Cir. 1982) ("[W]here evidence gathered in preparing an unsuccessful issue may also have been relevant to the successful claim, compensation should be provided for the time spent gathering that evidence.").

Accordingly, we vacate and remand to the district court for a determination of reasonable attorney's fees for district court work pursuant to the guidance provided by this opinion.

**VACATED AND REMANDED.**

---

[2] We emphasize that the determination of reasonable attorney's fees is a determination in which the district court has much discretion. We simply hold that the district court abused its discretion by indicating that our prior opinions supported its ruling that it should only award attorney's fees for work on this one motion. Further, we decline Appellants' invitation to calculate the proper attorney's fees on appeal. *See Camp v. Chipman-Union, Inc.*, 123 F.3d 1440, 1444 (11th Cir. 1997) ("The District Court is in the best position to evaluate the effect the facts of a given case should have on the fee request.").